# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
John O. Juroszek

## McCAHAN v BRENNAN

Docket No. 142765. Argued March 6, 2012. Decided August 20, 2012.

Christina McCahan was injured in an automobile accident on the campus of the University of Michigan on December 12, 2007. The other driver, Samuel K. Brennan, was driving a car owned by the university and was on university business at the time. On May 7, 2008, McCahan's counsel sent a letter to the university indicating that counsel intended to represent McCahan in a lawsuit concerning the accident. On October 31, 2008, McCahan filed in the Court of Claims a notice of intent to file a claim. After McCahan brought the action against Brennan and the University of Michigan Regents in the Court of Claims, the university sought summary disposition on the basis that the notice of intent had not been filed within the six-month period provided in MCL 600.6431(3). The court, Archie C. Brown, J., agreed with the university and granted summary disposition in its favor. McCahan appealed. The Court of Appeals, SAWYER, P.J., and SAAD, J. (FITZGERALD, J., dissenting), affirmed. 291 Mich App 430 (2011). McCahan sought leave to appeal. The Supreme Court ordered and heard oral argument on whether to grant the application for leave to appeal or take other peremptory action. 489 Mich 985 (2011).

In an opinion by Chief Justice YOUNG, joined by Justices MARKMAN, MARY BETH KELLY, and ZAHRA, the Supreme Court *held*:

Statutory notice requirements must be interpreted and enforced as plainly written, and courts may not engraft a requirement of actual prejudice onto a statutory notice requirement as a condition to enforcement of the statute or otherwise reduce the obligation to comply fully with statutory notice requirements.

1. MCL 600.6431(1) prohibits claims against the state unless the claimant files with the Clerk of the Court of Claims within one year after the claim accrued either a specific statutory notice of intent to file a claim or the claim itself. MCL 600.6431(3), however, requires any person who wishes to bring an action against a state entity for personal injury or property damage to file with the Clerk of the Court of Claims either the specific statutory notice of intent to pursue a claim or the claim itself within six months of the incident giving rise to the cause of action. Statutes must be read reasonably and in context. MCL 600.6431(1) sets forth the general notice required for a party to bring a lawsuit against the state, while MCL 600.6431(3) sets forth a special timing requirement applicable to a subset of those cases. The general requirements of

MCL 600.6431(1) apply to MCL 600.6431(3) except when modified by the specific provisions of MCL 600.6431(3). Accordingly, the prohibition on maintaining a claim against the state contained in MCL 600.6431(1) if the notice requirements are not met applies to the subset of cases described in MCL 600.6431(3) involving personal injury or property damage.

2. *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007), held that, it being the sole province of the Legislature to determine whether and on what terms the state may be sued, the judiciary has no authority to restrict or amend those terms. When the Legislature specifically qualifies the ability to bring a claim against the state or its subdivisions on a plaintiff's meeting certain requirements that the plaintiff fails to meet, no saving construction—such as requiring a defendant to prove actual prejudice—is allowed. This holding was not limited to cases involving the highway exception to governmental immunity, which was at issue in that case. Rather, it applies to similar statutory notice or filing provisions, including the one that was at issue in this case. McCahan's failure to timely file the required notice in the Court of Claims barred her action regardless of whether the university otherwise received information regarding plaintiff's apparent intent to pursue a claim.

Affirmed.

Justice MARILYN KELLY, joined by Justice CAVANAGH and by Justice HATHAWAY (except for the part entitled "Response to the Majority"), dissenting, would have reversed the judgment of the Court of Appeals, set aside the grant of summary disposition, and remanded the case to the trial court for further proceedings. In *Rowland*, the Court acted improperly by toppling decades of settled caselaw, holding that those cases had improperly read a requirement of actual prejudice into statutory notice provisions. Preventing actual prejudice to a defendant as the result of a lack of notice is the primary legitimate purpose of statutory notice provisions. Consequently, a suit should be dismissed for late notice only when a defendant was prejudiced by a plaintiff's noncompliance with a statutory notice provision. In this case, the university was not prejudiced because McCahan substantially complied with the requirement and the university was actually aware within six months of the accident that McCahan had retained counsel to pursue a lawsuit against it.

©2012 State of Michigan

# Opinion

| Chief Justice: | Justices: |
|---|---|
| Robert P. Young, Jr. | Michael F. Cavanagh |
| | Marilyn Kelly |
| | Stephen J. Markman |
| | Diane M. Hathaway |
| | Mary Beth Kelly |
| | Brian K. Zahra |

FILED AUGUST 20, 2012

S T A T E   O F   M I C H I G A N

SUPREME COURT

CHRISTINA McCAHAN,

       Plaintiff-Appellant,

v                                  No. 142765

SAMUEL KELLY BRENNAN,

       Defendant,

and

UNIVERSITY OF MICHIGAN REGENTS,

       Defendant-Appellee.

BEFORE THE ENTIRE BENCH

YOUNG, C.J.

In *Rowland v Washtenaw County Road Commission*,[1] this Court held that, it being

the sole province of the Legislature to determine whether and on what terms the state

---

[1] *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007).

may be sued, the judiciary has no authority to restrict or amend those terms. We take this opportunity to reaffirm and apply this fundamental principle articulated in *Rowland* to the interpretation of MCL 600.6431, the notice provision of the Court of Claims Act at issue in this case.

The Court of Appeals correctly determined that when the Legislature conditions the ability to pursue a claim against the state on a plaintiff's having filed specific statutory notice, the courts may not engraft an "actual prejudice" component onto the statute as a precondition to enforcing the legislative prohibition. We reiterate the core holding of *Rowland* that such statutory notice requirements must be interpreted and enforced as plainly written and that no judicially created saving construction is permitted to avoid a clear statutory mandate. We further clarify that *Rowland* applies to all such statutory notice or filing provisions, including the one at issue in this case.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff, Christina McCahan, was injured in an automobile accident on December 12, 2007. The collision involved a student who was driving a car owned by the University of Michigan. Plaintiff sought to recover damages from the university for her injuries. MCL 600.6431 requires any person who wishes to bring an action against state entities for personal injury or property damage to file with the Clerk of the Court of Claims either a specific statutory notice of intent to pursue a claim or the claim itself within six months of the incident giving rise to the cause of action. MCL 600.6431 provides:

2

(1) *No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim* against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

* * *

(3) *In all actions for property damage or personal injuries, claimant shall file* with the clerk of the court of claims a notice of intention to file a claim or the claim itself *within 6 months* following the happening of the event giving rise to the cause of action.[2]

Plaintiff did not file a verified notice of intent to file a claim with the Clerk of the Court of Claims within six months after the accident. However, plaintiff and her counsel undertook numerous efforts to inform the university's legal office of her intent to seek recovery against the university. These actions included plaintiff's counsel's sending a letter to the university's legal office, plaintiff and her counsel meeting with and providing all then available documentation relating to the accident to the university's senior claims representative by the six-month deadline of June 12, 2008, and plaintiff's continuing to provide further information to the representative thereafter. On October 31, 2008, more than 10 months after the accident, plaintiff filed with the Clerk of the Court of Claims a notice of intent to bring suit against the university. Plaintiff filed her action against the university in the Court of Claims on December 5, 2008.

---

[2] MCL 600.6431 (emphasis added).

3

The university subsequently moved for summary disposition, contending that plaintiff's failure to file notice of intent to file a claim or the claim itself within the six-month deadline required dismissal of her claim. The Court of Claims agreed, ruling that the six-month deadline of MCL 600.6431(3) is a modification of the requirements provided in MCL 600.6431(1) and thus the prohibition against maintaining a claim from subsection (1) applied because plaintiff had not filed her claim or notice of her intent to file a claim within six months. The court further ruled that plaintiff's arguments that she had substantially complied with the statute and that defendant suffered no prejudice as a result of any defects in notice failed in light of the specific language of the statute requiring the filing within six months after the accident in order to maintain the claim.

On appeal, the Court of Appeals affirmed in a split decision.[3] The Court of Appeals majority held that the filing of notice with the Court of Claims is a mandatory statutory requirement. Then, relying on the principles articulated in *Rowland*, the majority rejected plaintiff's argument that substantial compliance or the absence of prejudice to defendant could save plaintiff's claim.[4] The Court of Appeals dissent would

---

[3] *McCahan v Brennan*, 291 Mich App 430; 804 NW2d 906 (2011).

[4] *Id.* at 434-436. The Court specifically noted that "the Michigan Supreme Court overturned several cases that had required the state to show actual prejudice when a plaintiff failed to comply with a statutory filing requirement." *Id.* at 434.

4

have held that the university's actual knowledge of plaintiff's intent to file a claim sufficed to satisfy the statutory notice requirement of MCL 600.6431.[5]

We ordered argument on plaintiff's application for leave to appeal[6] and now affirm.

## II. STANDARD OF REVIEW

This Court reviews de novo a lower court's decision to grant summary disposition to a party.[7] Further, whether MCL 600.6431 requires dismissal of a plaintiff's claim for failure to provide the designated notice raises questions of statutory interpretation, which we likewise review de novo.[8] Our primary objective when interpreting a statute is to discern the Legislature's intent. "This task begins by examining the language of the statute itself. The words of a statute provide 'the most reliable evidence of its

---

[5] *Id.* at 438 (FITZGERALD, J., dissenting). The dissent would have held that *Rowland* did not reach the facts of this case because it did not construe the particular statute at issue here, MCL 600.6431. Instead, the dissent would have applied the holding of *May v Dep't of Natural Resources*, 140 Mich App 730; 365 NW2d 192 (1985), which requires a showing of actual prejudice before enforcing a mandate that a claim may not be maintained for failure of statutorily required notice. See *McCahan*, 291 Mich App at 437-438 (FITZGERALD, J., dissenting), quoting and adopting the reasoning of Chief Judge MURPHY's dissenting opinion in *Prop & Cas Ins Co of the Hartford v Dep't of Transp*, unpublished opinion per curiam of the Court of Appeals, issued April 22, 2010 (Docket No. 285749) (MURPHY, C.J., dissenting).

[6] *McCahan v Brennan*, 489 Mich 985 (2011).

[7] *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[8] *McClements v Ford Motor Co*, 473 Mich 373, 380; 702 NW2d 166 (2005).

5

intent . . . .'"[9]  When the Legislature has clearly expressed its intent in the language of the statute, no further construction is required or permitted.[10]

### III.  ANALYSIS

Generally, governmental agencies in Michigan are statutorily immune from tort liability.[11]  However, because the government may voluntarily subject itself to liability, it may also place conditions or limitations on the liability imposed.[12]  One such condition on the right to sue the state is the notice provision of the Court of Claims Act, MCL 600.6431, which provides in full:

> (1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

> (2) Such claim or notice shall designate any department, commission, board, institution, arm or agency of the state involved in connection with such claim, and a copy of such claim or notice shall be furnished to the clerk at the time of the filing of the original for transmittal

---

[9] *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999), quoting *United States v Turkette*, 452 US 576, 593; 101 S Ct 2524; 69 L Ed 2d 246 (1981).

[10] *Sun Valley*, 460 Mich at 236.

[11] See, generally, MCL 691.1401 *et seq*.; *Rowland*, 477 Mich at 202-203.

[12] See *Moulter v Grand Rapids*, 155 Mich 165, 168-169; 118 NW 919 (1908) ("It being optional with the legislature whether it would confer upon persons injured a right of action therefor or leave them remediless, it could attach to the right conferred any limitations it chose."); accord *Rowland*, 477 Mich at 212.

to the attorney general and to each of the departments, commissions, boards, institutions, arms or agencies designated.

(3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action.

Thus, MCL 600.6431 sets forth several requirements that must be met in order to bring suit against a governmental entity in derogation of governmental immunity. Pursuant to subsection (1), "[n]o claim may be maintained against the state" unless the claimant files "in the office of the clerk of the court of claims" either a written claim or a written notice of intent to file a claim within one year. The claim or notice must contain certain information, including the time and place that the claim arose, the nature of the claim, and the damages alleged and must be "signed and verified by the claimant before an officer authorized to administer oaths." Pursuant to subsection (2), "[s]uch claim or notice shall designate any . . . agency of the state involved in connection with such claim . . . ." And "a copy of such claim" shall be provided upon filing for the clerk to transmit to the Attorney General and the appropriate governmental agency. Finally, pursuant to subsection (3), if the claim against the state is one for "property damage or personal injuries," the claimant must file with "the clerk of the court of claims" a notice or claim "within 6 months" of the incident—not one year, as is otherwise applicable to claims pursuant to subsection (1).

Plaintiff's appeal before this Court essentially raises two questions. First, what is the relationship between subsection (3), to which plaintiff's personal injury claim applies,

7

and subsection (1)? In particular, does the bar-to-claims language of subsection (1) ("[n]o claim may be maintained against the state unless") apply to personal injury claims covered by subsection (3)? Second, what effect must be given to a failure to file either a claim or notice of intent to file a claim pursuant to subsection (3), particularly when a state entity otherwise received actual notice of plaintiff's injury?

We believe that a contextual understanding of MCL 600.6431 readily resolves the first question and that this Court's decision in *Rowland* has already decided the second. We hold that subsection (3) must be read in light of subsection (1), including that provision's prohibition on maintaining a suit as a consequence of a failure to file compliant notice within six months. In accordance with *Rowland*, we reaffirm that when the Legislature conditions the ability to pursue a claim against the state on a plaintiff's having provided specific statutory notice, the courts may not engraft an "actual prejudice" component onto the statute before enforcing the legislative prohibition.

### A.  MCL 600.6431 AS A CONTEXTUAL WHOLE

As a threshold matter, plaintiff argues that her claim, being a claim for personal injury, is not subject to the dictates or bar-to-claims language of MCL 600.6431(1). Instead, plaintiff argues that only subsection (3) governs her claim and acts as an independent provision that excludes application of subsection (1). Accordingly, plaintiff argues that the failure of the Legislature to state that "[n]o claim may be maintained against the state" in subsection (3) as it has done in subsection (1) indicates that any failure to meet the notice requirements of subsection (3) does not subject a party to the prohibition on maintaining a claim against the state contained in subsection (1). As the

8

lower courts did, we reject plaintiff's argument that subsection (3) must be read in isolation, segregated from the language, requirements, and context provided in subsection (1).

When undertaking statutory interpretation, the provisions of a statute should be read reasonably and in context.[13]  Doing so here leads to the conclusion that MCL 600.6431 is a cohesive statutory provision in which all three subsections are connected and must be read together.  Subsection (1) sets forth the general notice required for a party to bring a lawsuit against the state, while subsection (3) sets forth a special timing requirement applicable to a particular subset of those cases—those involving property damage or personal injury.  Subsection (3) merely reduces the otherwise applicable one-year deadline to six months.  In this regard, subsection (3) is best understood as a subset of the general rules articulated in subsection (1), and those general rules and requirements articulated in subsection (1)—including the bar-to-claims language—continue to apply to *all* claims brought against the state unless modified by the later-stated specific rules.

Our decision in *Robinson v City of Lansing*[14] is instructive in this regard.  In *Robinson*, we interpreted the so-called "two-inch rule" of the highway exception to governmental liability, MCL 691.1402a, which sets forth a general rule in subsection (1) applicable to "county highways," followed by additional rules and exceptions in further subsections that speak only generically of "the highway."  The issue before the Court was

---

[13] See *Sun Valley*, 460 Mich at 236-237.

[14] *Robinson v City of Lansing*, 486 Mich 1; 782 NW2d 171 (2010).

9

whether the rules in the additional subsections were limited like subsection (1) to "county highways" or whether they also applied to "state highways" like the one on which the plaintiff was injured. We unanimously held that there were sufficient textual indicia to determine that the references to highways in each of the subsections referred to county highways, even though subsection (1) was the only subsection explicitly referring to "county highways." In support of this conclusion, we held that there were no indications in the latter subsections that the scope of those subsections was different from subsection (1).[15] Further, we stated that "statutory provisions are *not* to be read in isolation; rather, context matters, and thus statutory provisions are to be read as a whole."[16] Thus, the fact that the Legislature did not expressly use the word "county" in the latter provisions did not mean that the prior use did not carry through to latter subsections. Finally, we noted that "the Legislature is not required to be overly repetitive in its choice of language. . . . Instead, we believe that a reasonable person reading this statute would understand that all three subsections of this provision apply only to *county* highways" even though the Legislature did not "repetitively restate 'county' throughout the entire statutory provision."[17]

Like *Robinson*, this case requires that we determine the extent to which language from one subsection of a statute applies to another subsection of the same statute. And as

---

[15] *Id.* at 14.

[16] *Id.* at 15.

[17] *Id.* at 16.

in *Robinson*, we believe that a reasonable person reading the statute would understand that subsections (1) and (3) are related and interdependent. Most important, the *context* of the entire statutory provision indicates that the six-month filing requirement for personal injury or property damage cases is a *modification* of the generally applicable one-year filing requirement. There is no indication from the language used that the provisions of subsection (1) do not apply to subsection (3), and the Legislature need not be overly repetitive in reasserting the requirements for notice in each subsection when the only substantive change effectuated in subsection (3) is a reduction in the timing requirement for specifically designated cases.

Further support for this conclusion is derived from the text of the statute itself. Subsection (3) begins with the prefatory phrase "[i]n all actions for property damage or personal injuries." Yet, the Court of Claims only has jurisdiction over claims brought against the state.[18] Thus, with this language the Legislature was obviously not referring to "*all* actions for property damage or personal injuries," but only to those actions "against the state," as limited in subsection (1). If subsection (3) were to be read in isolation, without reference to what the Legislature had already set forth in subsection (1), it would be impossible to reasonably interpret subsection (3)'s prefatory clause.

Moreover, the various subsections of MCL 600.6431 refer to each other. For example, subsection (3) employs the phrase "notice of intention to file a claim," which is

---

[18] See MCL 600.6419 (providing for exclusive original jurisdiction for claims made against the state).

11

the same phrase that is used and defined in detail in subsection (1). Similarly, subsection (2) directly refers to subsection (1) by noting that "[s]uch claim or notice" as described in subsection (1) must designate the responsible governmental agency; this language clearly indicates that subsection (2) is an elaboration of the requirements stated in subsection (1). Reading this statute as a whole, it is reasonably clear that these subsections are not independent entities that happen to be grouped together in the same statutory provision. Instead, they are related and interdependent, and thus cannot be read in isolation.

Thus, in accordance with prior interpretations of MCL 600.6431, we conclude that the statutory provision must be understood as a cohesive whole.[19] Subsection (1) sets forth the general rule, for which subsection (2) sets forth additional requirements and which subsection (3) modifies for particular classes of cases that would otherwise fall under the provisions of subsection (1). Accordingly, *subsection (3) incorporates the consequence for noncompliance with its provisions expressly stated in subsection (1) and does not otherwise displace the specific requirements of subsection (1) other than the timing requirement for personal injury or property damage cases.* Therefore, the failure to file a compliant claim or notice of intent to file a claim against the state within the

---

[19] Notably, plaintiff offers no authority for her interpretation of MCL 600.6431 and, in fact, every case presented by the parties—including those on which plaintiff relies—has interpreted subsection (3) to contain a bar to nonconforming claims. See, e.g., *May*, 140 Mich App at 731-732 (holding that a plaintiff's claim may be barred by failure to comply with subsection (3) if the defendant shows prejudice). And the dissent in this case also rejects plaintiff's interpretation.

12

relevant time periods designated in either subsection (1) or (3) will trigger the statute's prohibition that "[n]o claim may be maintained against the state . . . ."

## B. APPLICATION OF *ROWLAND*

Having concluded that the bar-to-claims language of MCL 600.6431(1) applies to this case because plaintiff failed to file a claim or notice of intent to file a claim with the Clerk of the Court of Claims within six months, we must also address whether dismissal is required. Plaintiff argues that the university was not prejudiced by her failure to file notice of intent to file her claim in the Court of Claims within six months because she otherwise timely provided the university's legal office with notice of the accident, information sufficient to investigate the accident, and notice of her intent to bring suit if necessary to resolve her claim. We disagree. The lower courts correctly held that plaintiff's failure to file the required notice in the Court of Claims bars her action regardless of whether the university was otherwise put on notice of plaintiff's apparent intent to pursue a claim. The reasoning of *Rowland* is directly on point and thus controls this matter.

In *Rowland*, we interpreted the highway exception to governmental immunity, and in particular, its statutory requirement that "[a]s a condition to any recovery for injuries," an injured person must provide notice within 120 days from the time the injury occurred.[20] The plaintiff in *Rowland* served notice on the defendant after 140 days, thus failing to meet the 120-day deadline. Examining whether this failure precluded the

_____
[20] See MCL 691.1404(1).

13

plaintiff from maintaining her claim, this Court rejected earlier caselaw that had assumed that notice provisions are constitutional only if they contain a prejudice requirement.[21] Instead, *Rowland* held that when the plain language of a statute requires particular notice as a condition for recovery, "no 'saving construction' [is] necessary or allowed. Thus, the engrafting of [a] prejudice requirement onto the statute [is] entirely indefensible."[22]

*Rowland* noted that notice provisions are enacted by the Legislature in order to provide the state with the opportunity to investigate and evaluate claims, to reduce the uncertainty of the extent of future demands, or even to force the claimant to an early choice regarding how to proceed.[23] Provisions requiring notice to a particular entity, like the Court of Claims in this case, further ensure that notice will be provided to the *proper* governmental entity, thereby protecting plaintiffs and defendants alike from having the wrong component of government notified.[24]

---

[21] *Rowland*, 477 Mich at 201. The Court expressly overruled *Hobbs v Dep't of State Hwys*, 398 Mich 90; 247 NW2d 754 (1976), and *Brown v Manistee Co Rd Comm*, 452 Mich 354; 550 NW2d 215 (1996), and implicitly overruled *Carver v McKernan*, 390 Mich 96; 211 NW2d 24 (1973), *Reich v State Hwy Dep't*, 386 Mich 617; 194 NW2d 700 (1972), and *Grubaugh v City of St Johns*, 384 Mich 165; 180 NW2d 778 (1970).

[22] *Rowland*, 477 Mich at 211.

[23] *Id.* at 210-212.

[24] Notably, the university's legal office is not a proper party to receive service of process on behalf of the University of Michigan under MCR 2.105(G)(7), let alone to receive notice of a claim governed by MCL 600.6431.

By naming the Clerk of the Court of Claims as the agent for the receipt of verified notice of potential claims, the Legislature has established a clear procedure that eliminates any ambiguity about whether an attempted notice is effective. A claimant who complies with MCL 600.6431 need not worry about whether a notice was properly

14

As in *Rowland*, the statutory language at issue here is clear. MCL 600.6431(1) details the notice requirements that must be met in order to pursue a claim against the state, including a general deadline of one year after accrual of the claim. MCL 600.6431(3) then modifies only the deadline requirement for a specific class of claims— those involving personal injury or property damage—replacing the one-year deadline with a six-month deadline. Thus, subsections (1) and (3) together provide that in all actions for personal injuries, "[n]o claim may be maintained against the state" unless the claimant files with the Clerk of the Court of Claims the required notice of intent to file a claim or the claim itself within six months. Indeed, this notice provision is substantively identical to the provision in *Rowland*.[25] Because plaintiff here failed to file *any* notice of an intent to pursue a claim against the university with the Court of Claims within six months, plaintiff's claim is barred by the plain language of the statute.

There has been some dispute in the Court of Appeals as to whether the holding of *Rowland* is limited to cases involving the highway exception to governmental immunity,

---

received and processed by the correct governmental entity. By the same token, state entities can be secure knowing that only timely, verified claims in notices filed with the Court of Claims can give rise to potential liability, that the proper entity as well as the Attorney General will be notified, and that only such claims need to be investigated in anticipation of potential litigation.

[25] See MCL 691.1404(1) ("As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect.").

MCL 691.1404(1), which *Rowland* interpreted.[26] This dispute unfortunately might have been created by concurrences filed in several orders of this Court that called into question whether *Rowland* was for some reason limited to the specific statute interpreted in that case.[27]

We can discern no principled reason to limit artificially the principles or logical import of *Rowland* to the circumstances of that case. Indeed, such a conclusion would be peculiar in all of our jurisprudence—a system of jurisprudence premised on the development of precedents to be followed in similar future cases, thereby ensuring that like cases are treated alike. There is nothing unique about the notice language of the highway exception to governmental immunity that would limit the principle stated in *Rowland* to the specific facts of that case or the interpretation of that statute. Further, there can be no dispute that the notice provision interpreted in *Rowland* and the notice provision at issue here, both of which contain bar-to-claims language, are similarly situated. Instead, the principle of *Rowland* is clear: when the Legislature specifically qualifies the ability to bring a claim against the state or its subdivisions on a plaintiff's

---

[26] In addition to the instant case, see, e.g., *Kline v Dep't of Transp*, 291 Mich App 651; 809 NW2d 392 (2011); *Prop & Cas Ins Co of the Hartford v Dep't of Transp*, unpublished opinion per curiam of the Court of Appeals, issued April 22, 2010 (Docket No. 285749).

[27] See *Beasely v Michigan*, 483 Mich 1025 (2009) (MARILYN KELLY, C.J., concurring); *Ward v Mich State Univ*, 485 Mich 917 (2009) (MARILYN KELLY, C.J., concurring); see also *Chambers v Wayne Co Airport Auth*, 482 Mich 1136 (2008) (CAVANAGH, J., dissenting).

16

meeting certain requirements that the plaintiff fails to meet, no saving construction—such as requiring a defendant to prove actual prejudice—is allowed.

Accordingly, we clarify that *Rowland* applies to similar statutory notice or filing provisions, such as the one at issue in this case. To the extent that caselaw from the Court of Appeals or statements by individual members of this Court imply or provide otherwise, we disavow them as inconsistent with both the statutes that they sought to interpret and the controlling law of this state as articulated in *Rowland*.[28] Courts may not engraft an actual prejudice requirement or otherwise reduce the obligation to comply fully with statutory notice requirements. Filing notice outside the statutorily required notice period does not constitute compliance with the statute.

## IV. A BRIEF RESPONSE TO THE DISSENT

Contrary to the impression a reader might be left with upon reading the dissent, this case is not a basis to relitigate *Rowland*. The opinion in *Rowland*—thorough in its analysis and sound in its logic—speaks for itself, and we need not provide a point-by-

---

[28] We specifically note *May*, 140 Mich App 730, upon which the Court of Appeals dissent and plaintiff primarily rely. *May*, 140 Mich App at 731-732, grounded its holding that MCL 600.6431 was only constitutional if the governmental agency involved was required to show actual prejudice in large part on *Carver*, 390 Mich 96, and a Court of Appeals decision that also relied on *Carver*, *Hanger v State Hwy Dep't*, 64 Mich App 572; 236 NW2d 148 (1975). As noted earlier, *Rowland* implicitly overruled *Carver*, as well as expressly overruled the progeny of *Carver*, including *Hobbs* and *Brown*, all of which formed the basis for the pre-*Rowland* prejudice rule.

Given that this Court has overruled the decisions on which *May* was based, it should be reasonably clear that *May*, too, no longer remains good law for those propositions that have been overruled in the cases on which *May* relied.

17

point rebuttal to the dissent here where *Rowland* provided a detailed rebuttal to the same dissenting justice who raised the same unpersuasive arguments there. Although the dissent is entitled to disagree with a precedent of this Court, *Rowland* is the binding and applicable law, and we faithfully apply it today.

Accordingly, the dissent's conclusion that plaintiff "sufficiently" complied with the notice requirement of MCL 600.6431 is simply incorrect.[29] And the dissent's reasoning that dismissal is not warranted in this case because, in the dissent's view, defendant suffered no prejudice is legally irrelevant because the Legislature has not included a prejudice component in this statute.

Also noteworthy here is that which the dissent does *not* dispute. First, the dissent agrees with our reasoning that MCL 600.6431 must be read as a contiguous whole, as well as the resultant conclusion that subsection (3) includes the bar-to-claims language of

---

[29] The dissent itself *concedes that plaintiff failed to provide the required statutory notice*. However, the dissent has simply decided against applying the *Legislature's* designated consequence for such a failure.

Curiously, the dissent characterizes this opinion as requiring that "MCL 600.6431 must be strictly enforced" and thus plaintiff's failure to provide notice to defendant "that complied in every detail with the statute requires that her entire claim be dismissed." *Post* at 1-2. We are at a loss why such a charge makes sense when we are merely giving the plain meaning to the words used by the Legislature. What we do here is not "strict enforcement" of the notice provision, but what any Court must do: give a *reasonable interpretation* to the language that the Legislature has passed and the Governor has signed into law. We find nothing "strict," as opposed to being merely reasonable, in concluding that "six months" means "six months," "files in the office of the clerk" means "files in the office of the clerk," and "in detail" means "in detail." Our view is that the rule of law requires that courts of this state must respect the legislative policy choices as expressed in the language of the statutes that come before them.

18

subsection (1). Indeed, only disagreeing with our ultimate conclusion, the dissent leaves untouched the entirety of this opinion's textual analysis.[30] Second, other than its personal disagreement with the decision of *Rowland* itself, the dissent does not disagree that *Rowland* applies to the interpretation of MCL 600.6431. Further, the dissent proffers no reason why the principle of *Rowland*—which is a binding precedent, like any other decision of this Court—is not entitled to deference and application in similar notice cases pursuant to stare decisis, and the dissent does not contradict our conclusion that *Rowland* is not limited to the statute interpreted in that case. For all these reasons, the dissent is entirely unresponsive to the arguments raised in this opinion that compel our conclusions.

A final note on an argument raised by the dissent. The dissent once again relies on the "highly disfavored" theory of legislative acquiescence in support of its conclusion that the Legislature "approved" of the pre-*Rowland* line of cases instituting a judicially created prejudice requirement. First and foremost, legislative acquiescence has been repeatedly repudiated by this Court because it is as an exceptionally poor indicator of legislative intent.[31] When used in a case like this, the theory requires a court to intuit

---

[30] Strangely enough, even though this case is one of statutory construction, the dissent undertakes no effort whatsoever to interpret the *actual words* of the statute that we are charged with interpreting, instead relying on a nonexistent prejudice requirement in support of its conclusion. The dissent's argument that this conclusion satisfies the intent of the Legislature is, of course, belied by the actual words chosen by the Legislature.

[31] See, e.g., *Rowland*, 477 Mich at 209 n 8; *Donajkowski v Alpena Power Co*, 460 Mich 243, 258-261; 596 NW2d 574 (1999), quoting *Rogers v Detroit*, 457 Mich 125, 163-166; 579 NW2d 840 (1998) (TAYLOR, J., dissenting); *Autio v Proksch Constr Co*, 377 Mich 517, 527-539; 141 NW2d 81 (1966); *Van Dorpel v Haven-Busch Co*, 350 Mich 135, 145-

19

legislative intent not by anything that the Legislature actually enacts, but by the *absence* of action.[32] Yet "a legislature legislates by legislating, not by doing nothing, not by keeping silent."[33] Thus, the doctrine of legislative acquiescence "is a highly disfavored doctrine of statutory construction; sound principles of statutory construction require that Michigan courts determine the Legislature's intent from its *words*, not from its silence."[34]

149; 85 NW2d 97 (1957), quoting in part *Sheppard v Mich Nat'l Bank*, 348 Mich 577, 599; 83 NW2d 614 (1957) (SMITH, J., concurring).

[32] The dissent's own language demonstrates how amorphous and unprincipled the theory of legislative acquiescence is. The dissent reasons that "'[t]here was the possibility of change. Because it did not occur, it is reasonable to deduce that the Legislature's inaction has been intentional.'" *Post* at 6, quoting *Rowland*, 477 Mich at 263 (MARILYN KELLY, J., concurring in part and dissenting in part). We find nothing whatsoever reasonable about this "deduction" that the failure to act on a mere "possibility" of change necessarily equates to affirmative approval. See *Donajkowski*, 460 Mich at 259-260 (setting forth more than a dozen reasons why a legislature may fail to correct an erroneous judicial decision).

[33] *Wycko v Gnodtke*, 361 Mich 331, 338; 105 NW2d 118 (1960).

[34] *Donajkowski*, 460 Mich at 261.

Notably, the dissent ascribes no significance to the fact that *Rowland* has been the law of this state for approximately five years, and in that time the Legislature has not acted to add prejudice requirements to various statutory notice provisions. Apparently for the dissent, the Legislature's alleged acquiescence in the decisions overruled by *Rowland* is deserving of greater deference here than any current "acquiescence" in the governing construction. Compare also *People v Lown*, 488 Mich 242; 794 NW2d 9 (2011) (MARILYN KELLY, J., dissenting), in which the dissenting justice argued that the Court should overrule a 1959 decision of this Court interpreting MCL 780.131 and MCL 780.133 without any mention or apparent regard of more than 50 years of legislative "acquiescence" in that decision. We are unclear what principle demarcates when the theory should be selectively employed as dispositive of legislative intent in one case but not another, and the dissent does not take this opportunity to elucidate. Cf. *Paige v Sterling Hts*, 476 Mich 495, 516-518; 720 NW2d 219 (2006) (criticizing the dissent's "undeniably inconsistent" use of legislative acquiescence); *Autio*, 377 Mich at 527-539 (criticizing the "selective invocation" of legislative acquiescence). Indeed, the theory

Notwithstanding these inherent problems with the theory of legislative acquiescence, its use in this case is particularly unavailing. As we explained in *Rowland*, "[i]n reading an 'actual prejudice' requirement into the statute, this Court not only usurped the Legislature's power but simultaneously *made legislative amendment to make what the Legislature wanted—a notice provision with no prejudice requirement—impossible*."[35] This reasoning applies with equal force here. As noted earlier, the pre-*Rowland* cases instituted prejudice requirements for statutory notice provisions on the mistaken belief that those requirements were necessary as *a matter of constitutional law*. As the dissent is well aware, "[c]onstruction of the Constitution is the province of the courts and this Court's construction of a State constitutional provision is binding on all departments of government, including the legislature."[36] As a result, one can hardly equate the Legislature's inaction with legislative approval of the pre-*Rowland* judicial prejudice requirement given that this Court's pre-*Rowland* decisions mandated the prejudice requirements for notice provisions lest they be struck down as unconstitutional.[37] Thus, the dissent relies on a Catch-22: that the Legislature

---

appears to be employed in certain quarters primarily as "another way of sustaining forever any precedent, no matter how wrongly decided," *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 760 n 15; 641 NW2d 567 (2002), and in this regard it is truly "a pernicious evil designed to relieve a court of its duty of self-correction," *Autio*, 377 Mich at 527.

[35] *Rowland*, 477 Mich at 213 (emphasis added).

[36] *Richardson v Secretary of State*, 381 Mich 304, 309; 160 NW2d 883 (1968).

[37] The dissent nevertheless persists in this argument, curiously asserting that "the Legislature could have amended notice requirements in conformity with *Hobbs* and

"acquiesced" in constructions of statutes that this Court deprived it of the power to amend.[38] The striking illogic of this argument demands that it once again be repudiated, as it was in *Rowland*.

## V. CONCLUSION

Plaintiff's accident occurred on December 12, 2007. Because her action is for personal injuries, MCL 600.6431(3) required that she file her claim or a notice of intent to file her claim "with the clerk of the court of claims" within six months, or by June 12, 2008. She did not file notice with the clerk until October 31, 2008. Because plaintiff did

---

*Brown* and chose not to do so." *Post* at 11. Yet it would be more than passing strange for the Legislature to amend notice statutes "in conformity with *Hobbs* and *Brown*" if the amendments that the Legislature wanted were the *opposite* of what would have been constitutionally permitted by those cases.

[38] The dissent bemoans the fact that we criticize its use of legislative acquiescence, asserting that "[j]udges are free to pick and choose the interpretive tools with which they engage in statutory interpretation." *Post* at 7 n 22. Whatever the merits of this argument, where our dissenting colleague can provide no generalized theory that allows one to predict when she will or will not invoke legislative acquiescence, it is perfectly appropriate to highlight the problems with the dissenting justice's methodology of deciding cases. Not all methods of interpretation are of equal value, and highlighting the problems seems particularly appropriate when the method employed results in a construction that is *contrary* to clear statutory language, as is the case here.

22

not comply with the plain language of the notice filing requirement provided in MCL 600.6431, that statute precludes her from maintaining her claim against the university.

The decision of the Court of Appeals is affirmed.

Robert P. Young, Jr.
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra

23

STATE OF MICHIGAN

SUPREME COURT

CHRISTINA McCAHAN,

        Plaintiff-Appellant,

v                                              No. 142765

SAMUEL KELLY BRENNAN,

        Defendant,

and

UNIVERSITY OF MICHIGAN REGENTS,

        Defendant-Appellee.

_____

MARILYN KELLY, J. (*dissenting*).

The question presented in this case is similar to that in *Atkins v Suburban Mobility Authority for Regional Transportation*[1] and is hardly novel. At issue is whether plaintiff's failure to comply with a statutory notice requirement mandates entry of summary disposition in favor of defendant University of Michigan Regents. The majority concludes that, consistently with *Rowland v Washtenaw County Road Commission*,[2] MCL 600.6431 must be strictly enforced. Hence, the fact that plaintiff provided actual notice to defendant rather than notice that complied in every detail with

[1]*Atkins v Suburban Mobility Auth for Regional Transp*, ___ Mich ___; ___ NW2d ___ (Docket No. 140401, issued August 20, 2012).

[2]*Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007).

the statute requires that her entire claim be dismissed. The majority further declares that *Rowland*'s reasoning applies to all statutory notice or filing provisions, not just those in MCL 600.6431. Because I disagree both with the majority's application of MCL 600.6431 and its unrestrained extension of *Rowland* to statutes not before the Court, I respectfully dissent.

ANALYSIS

The proper interpretation and application of statutory notice provisions like MCL 600.6341[3] have long occupied our courts. While early decisions of our Court strictly construed notice provisions and allowed dismissal for failure to comply,[4] the Court

---

[3] MCL 600.6431 provides:

> (1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.
>
> * * *
>
> (3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action.

I agree with the majority's underlying conclusion that a reasonable person reading the statute would understand that subsections (1) and (3) are related and interdependent. Accordingly, the statute provides a six-month period for a plaintiff to file notice of an impending claim in the Court of Claims.

[4] See, e.g., *Davidson v City of Muskegon*, 111 Mich 454; 69 NW 670 (1897).

2

changed course in 1970 in *Grubaugh v City of St Johns*.[5]  In *Grubaugh*, the Court dealt with a statutory provision that required a plaintiff to give a governmental defendant notice of a claim within 60 days of the incident underlying the lawsuit.  The Court determined that the provision violated the Due Process Clause of the state constitution.[6]

Two years later, in *Reich v State Highway Department*, the Court extended *Grubaugh* and held that a statute that included a 60-day notice provision was unconstitutional on equal protection grounds.[7]  We reasoned that the state and federal constitutions forbid treating those injured by governmental negligence differently from those injured by a private party's negligence.[8]

The next year, in *Carver v McKernan*,[9] the Court considered the application of a six-month notice provision in the Motor Vehicle Accident Claims Act.[10]  The Court retreated somewhat from *Grubaugh*'s and *Reich*'s holdings that statutory notice provisions are per se unconstitutional.  *Carver* held that the notice provision at issue in that case was constitutional, and thus enforceable, but only if the plaintiff's failure to give notice prejudiced the party receiving the notice.[11]  The Court opined that while some

---

[5]*Grubaugh v City of St Johns*, 384 Mich 165; 180 NW2d 778 (1970).

[6]*Id.* at 176.

[7]*Reich v State Hwy Dep't*, 386 Mich 617, 623-624; 194 NW2d 700 (1972).

[8]*Id.*

[9]*Carver v McKernan*, 390 Mich 96; 211 NW2d 24 (1973).

[10] MCL 257.1118.

[11]*Carver*, 390 Mich at 100.

3

notice provisions may be constitutionally permitted, others may not be, depending on the purpose served by the notice requirement.[12] The Court explained that if the notice provision served some purpose other than to prevent prejudice, it could be considered an unconstitutional legislative requirement.[13]

Three years later, in *Hobbs v Department of State Highways*,[14] the Court reaffirmed the reasoning of *Carver*. Considering a 120-day notice requirement in the governmental tort liability act,[15] the Court held:

> The rationale of *Carver* is equally applicable to cases brought under the governmental liability act. Because actual prejudice to the state due to lack of notice within 120 days is the only legitimate purpose we can posit for this notice provision, absent a showing of such prejudice the notice provision contained in [MCL 691.1404] is not a bar to claims filed [under the act].[16]

Thus, *Hobbs* continued to employ a prejudice standard when construing statutory notice provisions.

Twenty years later, in *Brown v Manistee County Road Commission*,[17] the Court reconsidered the propriety of *Hobbs*. We concluded that the statute at issue in that case was unconstitutional, reasoning that we were "unable to perceive a rational basis for the

---

[12]*Id*.

[13]*Id*.

[14]*Hobbs v Dep't of State Hwys*, 398 Mich 90; 247 NW2d 754 (1976).

[15]MCL 691.1404.

[16]*Hobbs*, 398 Mich at 96.

[17]*Brown v Manistee Co Rd Comm*, 452 Mich 354; 550 NW2d 215 (1996).

4

county road commission statute to mandate notice of a claim within sixty days."[18]  We further reasoned that there was no legitimate reason to subject some claimants to a 60-day notice period and others to a 120-day notice period.

Nonetheless, in 2007, four justices of the Court issued *Rowland* and upended *Hobbs*, *Brown*, and their progeny as wrongly decided.[19]  Those justices concluded that *Hobbs* and *Brown* erroneously read actual prejudice requirements into statutory notice provisions and, in doing so, usurped the Legislature's power to mandate timely notice to defendants.  I dissented with respect to the Court's decision to overrule *Hobbs* and *Brown*.  I opined that the Court did not need to reach the validity of those cases in deciding *Rowland* but, in any event, that they had been properly decided.  I stated:

> Even if it were proper to reach the 120-day notice requirement in this case, it would not be appropriate to overturn *Hobbs* and *Brown*. Together, these cases represent 30 years of precedent on the proper meaning and application of MCL 691.1404.  Such a considerable history cannot be lightly ignored.  And the Legislature's failure to amend the statute during this time strongly indicates that *Hobbs* and *Brown* properly effectuated its intent when enacting MCL 691.1404(1).
>
> The primary goal of statutory interpretation is to give effect to legislative intent.  In both *Hobbs* and *Brown*, the Court identified the intent behind the notice provision as being to prevent prejudice to a governmental agency.  [In *Brown*, the Court held that] [a]ctual prejudice to the state due to lack of notice within 120 days is the only legitimate purpose we can posit for this notice provision . . . .  For 20 years, the Legislature knew of this interpretation but took no action to amend the statute or to state some other purpose behind MCL 691.1404(1).  The Court then readdressed the statute in *Brown* and came to the same conclusion regarding the purpose behind MCL 691.1404(1).

---

[18]*Id*. at 363.

[19]*Rowland*, 477 Mich at 210-213.

5

Another ten years have passed, but still the Legislature has taken no action to alter the Court's interpretation of the intent behind the statute. This lack of legislative correction points tellingly to the conclusion that this Court properly determined and effectuated the intent behind MCL 691.1404(1). If the proper intent is effectuated, the primary goal of statutory interpretation is achieved.

\* \* \*

Moreover, if the Legislature truly desired a hard and fast 120-day limit, it could have rewritten the statute to contain a presumption of prejudice. Alternatively, it could have defined actual prejudice in the statute to be more restrictive than *Hobbs* found it to be. There was the possibility of change. Because it did not occur, it is reasonable to deduce that the Legislature's inaction has been intentional.[20]

I continue to stand by my partial dissent in *Rowland* and believe that, in toppling decades of settled caselaw, the Court acted improperly.[21] I would hold, consistently with *Hobbs* and *Brown*, that preventing actual prejudice to a defendant due to lack of notice is

---

[20]*Id*. at 258-259, 263 (MARILYN KELLY, J., concurring in part and dissenting in part) (quotation marks and citations omitted).

[21] I am cognizant that *Rowland* garnered a bare majority of the Court when decided in 2007. But I did not sign that opinion. By standing by my opinion concurring in part and dissenting in part in *Rowland*, I am not ignoring precedent. Rather, I am consistently recommending the application of the proper interpretation and application of statutory notice provisions. This is not an avant-garde concept. See, e.g., *People v Pearson*, 490 Mich 984 (2012) (YOUNG, C.J., dissenting), in which Chief Justice YOUNG stood by his partial dissent in *People v Bonilla-Machado*, 489 Mich 412; 803 NW2d 217 (2011), and recommended against applying *Bonilla-Machado* despite its controlling effect.

The majority claims that "this case is not a basis to relitigate *Rowland*." *Ante* at 17. I find this statement difficult to fathom considering that the majority relies entirely on an extension of the principles espoused in *Rowland* and "take[s] this opportunity to reaffirm [it]." *Ante* at 2. The majority's claim in this regard is also belied by its explicit reliance on the arguments made by the *Rowland* majority in part III of its opinion.

6

the primary legitimate purpose of statutory notice provisions.[22]  Consequently, a suit may be dismissed for lack of notice only when a defendant has been prejudiced by a plaintiff's noncompliance.

In this case, plaintiff provided actual notice to defendant; she failed to provide the notice of intent to bring suit within the six-month period required by MCL 600.6431(3). Applying to it the reasoning of *Hobbs*, *Brown*, and my partial dissent in *Rowland*, I would hold that defendant was not prejudiced by this failure.  This is apparent for several reasons.

First, less than five months after the underlying accident, on May 7, 2008, plaintiff's counsel sent a letter to the University of Michigan's legal office.  That letter indicated counsel's intent to represent plaintiff in a lawsuit against defendant.

Second, three weeks later, on May 28, 2008, the university's senior claims representative from the Office of Risk Management Services replied to counsel's letter. The representative advised plaintiff's counsel that the university intended to conduct a full investigation into plaintiff's accident.  Furthermore, the representative requested

---

[22] The majority is troubled by my reliance on legislative acquiescence as support for my conclusion that the Legislature approved of the pre-*Rowland* line of cases. See *ante* at 19-20.  Judges are free to pick and choose the interpretive tools with which they engage in statutory interpretation.  While four members of this Court may prefer not to consider legislative acquiescence, the tool has a deep-rooted history in the United States Supreme Court as well as in this Court.  See, e.g., *Shepard v United States*, 544 US 13, 23; 125 S Ct 1254; 161 L Ed 2d 205 (2005); *Douglass v Pike Co*, 101 US (11 Otto) 677, 687; 25 L Ed 968 (1880); *Twork v Munising Paper Co*, 275 Mich 174, 178; 266 NW 311 (1936); see also *Rowland*, 477 Mich at 260-261 (MARILYN KELLY, J., concurring in part and dissenting in part).  Despite the majority's recent rejection of the doctrine, see *People v Likine*, 492 Mich ___, ___; ___ NW2d ___, slip op at 40 n 96 (Docket Nos. 141154, 141181, and 141513, issued July 31, 2012), it remains a valid interpretive aid.

7

additional information, including a statement by plaintiff, medical records, medical bills, and other details pertaining to the accident. The representative's letter stated that once a full investigation was complete, the university would discuss resolution of plaintiff's claim. The representative also sent the letter to the university's assistant general counsel.

Third, on June 9, 2008, plaintiff agreed to meet with the representative to provide a statement describing her accident. She did so and left a copy of all documentary materials available at that time, including the police report and medical records. In September and October 2008, plaintiff provided new documentation of her injuries and treatment to the representative.

The information plaintiff provided put defendant on notice of plaintiff's claim against it. This is not a case of a failure to substantially comply with a notice requirement. Plaintiff substantially complied with MCL 600.6431(3) and, as the record indicates, defendant was *actually* aware that plaintiff had retained counsel to pursue a lawsuit against it. Defendant was also fully apprised of all details relevant to plaintiff's suit within the six-month period following her accident. Indeed, through its representative, defendant actively communicated with plaintiff and her counsel within the six-month-notice period. Accordingly, defendant had actual notice of her claim. Moreover, it suffered no prejudice when plaintiff filed notice of its lawsuit in the Court of Claims several months after expiration of the six-month-notice period. I reject the notion that slavish adherence to form must be shown in this case when the legislative purpose of the notice requirement was so clearly fulfilled.

The majority also applies *Rowland*'s reasoning to all similar statutory notice provisions, even those not presently before the Court.[23] I disagree. Our Court resolves disputes on a case-by-case basis and does not issue rulings regarding statutes or issues not before it. To the extent that the Court attempts to construe statutes that are not at issue in this case by extending *Rowland*'s reasoning, its attempt amounts to nothing more than dicta.

RESPONSE TO THE MAJORITY

The majority notes that the Legislature has not amended various statutory notice provisions during the five years since *Rowland* was decided. It concludes that my dissent should acknowledge that the Legislature has thereby acquiesced in no prejudice requirement being attached to these provisions.

But the majority ignores an important fact: *Rowland* applied to the notice provision in the highway exception to governmental immunity.[24] No other notice provision. In fact, the majority admits that, at best, any broader application has been unclear during these past five years.[25] If the Legislature did not know that *Rowland* applied to the notice provisions of the Court of Claims Act, it can hardly be said to have acquiesced in the Court's having removed a prejudice component from those provisions.

The majority criticizes me for refusing to disregard the obvious fact that defendant here had actual and timely notice that fulfilled the intent of MCL 600.6431. Moreover, it

---

[23]See *ante* at 17.

[24] See MCL 691.1404(1).

[25]See *ante* at 15-16.

9

is unconcerned that defendant can show no prejudice whatsoever in not receiving additional notice that conformed to the letter of the provision.

The majority also accuses me of selectively applying the doctrine of legislative acquiescence to suit an intended result.[26] In so doing, the majority invests my dissent with a position it has never taken and then belittles the dissent for having taken it. I have never taken the position that, if the Legislature does not amend a statute after the Court interprets it, the Legislature must be held to have acquiesced in the Court's interpretation. Rather, my position is that the Legislature's failure to amend is evidence of acquiescence; it is not conclusive proof.

Legislative acquiescence is a tool, a factor to be weighed in the balance when the Court interprets a statute. When the Court's interpretation is longstanding, clear, and well understood, as in the case of *Hobbs* and *Brown*, which *Rowland* overturned, the doctrine of legislative acquiescence should weigh more heavily. Contrast that with cases in which the Court's interpretation is longstanding but has been heavily eroded by subsequent rulings. That was the condition of *People v Hendershot*,[27] which I would have overruled in *People v Lown*.[28] The doctrine of legislative acquiescence weighed less heavily on the scales in *Lown*.

---

[26]*Ante* at 22 n 38.

[27]*People v Hendershot*, 357 Mich 300; 98 NW2d 568 (1959).

[28]*People v Lown*, 488 Mich 242, 282-287; 794 NW2d 9 (2011) (MARILYN KELLY, J., dissenting).

The majority further asserts that this Court's pre-*Rowland* decisions mandated a prejudice component in notice requirements lest they be struck down as unconstitutional. Hence, it reasons, the Legislature could not have amended notice provisions to eliminate a prejudice component. But the majority fails to realize that the Legislature could have amended notice requirements in conformity with *Hobbs* and *Brown* and chose not to do so. The majority's argument here was also made in criticism of my dissent in *Rowland*.[29] My response is the same now as it was then.

The majority also criticizes me for failing to provide a "generalized theory that allows one to predict when [I] will . . . invoke legislative acquiescence . . . ."[30] I find that its preference for a generalized theory to predict when I will invoke legislative acquiescence is an invitation to a field trip. Accepting it would only draw me away from the pertinent question: did the notice plaintiff gave defendant in this case satisfy the Legislature's intent in enacting MCL 600.6431? I have shown that it did.

## CONCLUSION

I would reverse the judgment of the Court of Appeals. I would hold that plaintiff's failure to file notice of her suit in the Court of Claims within six months of the incident giving rise to her suit does not mandate summary disposition in favor of defendant. Defendant had actual timely notice and was not prejudiced by plaintiff's failure to file the

---

[29] See *Rowland*, 477 Mich at 209 n 8.

[30] *Ante* at 22 n 38.

11

notice described in MCL 600.6431. The intent of the Legislature was satisfied. For these reasons, the Court should set aside the grant of summary disposition and remand plaintiff's case to the trial court for further proceedings. Accordingly, I respectfully dissent.

<div style="margin-left: 50%;">

Marilyn Kelly
Michael F. Cavanagh
Diane M. Hathaway (except for the part entitled "Response to the Majority")

</div>