# STATE OF MICHIGAN

# COURT OF APPEALS

FRED ST. ONGE and KAREN ROSS,

        Plaintiffs-Appellees,

v

STATE OF MICHIGAN,

        Defendant-Appellant.

UNPUBLISHED
June 11, 2015

No. 320800
Court of Claims
LC No. 13-000122-MZ

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant, State of Michigan, appeals as of right the trial court's order denying its motion for summary disposition under MCR 2.116(C)(7) (governmental immunity). The question in this case is whether an attorney may sign a notice of intent to sue on behalf of the claimant under MCL 600.6134. Because the Michigan Supreme Court has recently decided that the claimant must personally sign the notice of intent, we reverse and remand.

## I. FACTUAL BACKGROUND

Plaintiffs, Fred St. Onge and Karen Ross, were injured in an accident with a state-owned vehicle in 2011. Shortly after the accident, plaintiffs' attorney filed a notice of intent with the clerk of the Court of Claims. The notice provided that "Attorney Richard C. Clark, on behalf of **Fred St. Onge and Karen Ross**, intends to file a claim against the State of Michigan . . . ." The notice was signed by attorney Clark and notarized by Lisa M. Rian. Plaintiffs filed their complaint in September 2013.

In October 2013, the State moved for summary disposition under MCR 2.116(C)(7), asserting that the notice was inadequate because MCL 600.6431(1) required the claimants to personally sign the notice of intent. The trial court concluded that the notice was effective because attorneys and agents may sign documents on behalf of their clients. The trial court denied the State's motion for summary disposition.

## II. PRINCIPLES OF STATUTORY INTERPRETATION

This Court reviews de novo the trial court's decision on a motion for summary disposition and issues of statutory interpretation. *McCahan v Brennan*, 492 Mich 730, 735-736; 822 NW2d 747 (2012). The purpose of statutory interpretation is to determine the Legislature's

-1-

intent, beginning with the statutory language. *Id*. at 736. When the statutory language clearly expresses the Legislature's intent, "no further construction is required or permitted." *Id*.

### III. INTERPRETING MCL 600.6431(1)

The State contends that MCL 600.6431 requires the claimant to personally sign the notice of intent. According to the State, because attorney Clark signed the notice of intent, plaintiffs did not strictly comply with MCL 600.6431. We agree.

The trial court properly grants summary disposition under MCR 2.116(C)(7) when governmental immunity bars the plaintiff's claims. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). Governmental agencies in Michigan are statutorily immune from tort liability unless the State allows such agencies to be sued. *McCahan*, 492 Mich at 736. The Legislature may place conditions on the right to sue the State, including the notice provision of the Court of Claims Act. *Id*. This notice provision provides in pertinent part that

> [n]o claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state . . . , which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths. [MCL 600.6431(1).]

In *Fairley v Dep't of Corrections*, ___ Mich ___; ___ NW2d ___ (2015), issued on June 5, 2015, the Michigan Supreme Court held that a notice that was signed by the claimant's attorney instead of the claimant did not comply with the requirements of MCL 600.6431(1). In that case, "[p]laintiff's counsel filed and signed a notice of intent to file a claim against MDOC in the Court of Claims; however, plaintiff herself did not sign the notice, as MCL 600.6431(1) requires." *Id*. at ___; slip op at 1. In this case, neither St. Onge nor Ross signed the notice of intent. Instead, counsel signed and filed the notice. We conclude that *Fairley* mandates reversal in this case.

We reverse and remand. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray