# STATE OF MICHIGAN

# COURT OF APPEALS

ROSIE WITHERS,

        Plaintiff-Appellee,

v

CITY OF DETROIT,

        Defendant-Appellant.

UNPUBLISHED
February 18, 2016

No. 324009
Wayne Circuit Court
LC No. 14-003891-NI

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

The question presented in this appeal is whether plaintiff Rosie Withers properly notified defendant city of Detroit of a potential tort claim arising from her fall into an uncovered manhole. Withers sent her notice through regular mail to the city's law department. The notice statute governing her claim, MCL 691.1404(2), mandates that notice of an injury sustained "by reason of any defective highway" must be "served upon any individual, either personally, or by certified mail, return receipt requested, who may be lawfully served with civil process directed against the governmental agency." Because Withers failed to abide by this requirement, her claim may not proceed. We reverse the circuit court's contrary ruling and remand for entry of judgment in favor of the city.

I

On October 16, 2013, plaintiff's counsel sent a letter by first-class mail to "City of Detroit Law Department." The letter read as follows:

> I am writing to put you on notice that Rosie Withers suffered bodily injury when she fell into an uncovered manhole located at Minnesota and Conant in Detroit, Michigan on October 7th. This incident occurred a little after 6 am. Mrs. Withers was driving a school bus for Safeway Transportation who is contracted by the City of Detroit to operate school buses. An accident occurred and Mrs. Withers stepped out of the bus to survey the accident. While walking around the bus, she fell into the uncovered manhole and suffered injury which includes 5 fractures and is unable to work for several months because of her injury. Please take notice of this and provide such notice to any other party who may have an interest.

-1-

The law department received the letter on October 17, 2013. Approximately one month later, Withers mailed a Medicare form to the law department that described her injuries in somewhat more detail. On March 25, 2014, she filed a complaint against the city asserting that the city negligently failed to remedy the uncovered manhole. Withers invoked the highway exception to the governmental tort liability act, MCL 691.1401 *et seq.*, which provides that a governmental agency with jurisdiction over a highway may be held liable for failing to "maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel." MCL 691.1402(1).

The city moved for summary disposition under MCR 2.116(C)(7), contending that Withers's notice failed to conform to several of the requirements set forth in MCL 691.1404, which details the content and form of the notice that must be provided to a governmental entity in advance of a lawsuit. The city argued that Withers had failed to specifically identify the location of the manhole[1] and to adequately describe her injuries. Further, the city urged, Withers sent her notice in the wrong manner (first-class mail) to the wrong people (the law department). Withers responded by contending that she had "substantially complied" with the notice statute by "reasonably appris[ing]" the city of "the place, the cause of alleged injury, and cause of the alleged injury [sic]." The circuit court agreed that Withers had supplied the city with enough information to make the city "aware of the situation" and denied summary disposition. The city now appeals.

II

We review de novo decisions on summary disposition motions. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). A motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law. MCR 2.116(C)(7). "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010). We consider any affidavits, depositions, admissions, or other documentary evidence submitted to the circuit court to determine whether there is a genuine issue of material fact. MCL 2.116(G)(5). If there is no factual dispute and reasonable minds could not differ regarding the legal effect of the presented facts, whether the claim is barred is an issue of law for the court. *Dextrom*, 287 Mich App at 429.

III

The city asserts that Withers's notice was directed to an inappropriate person and was sent in a manner that contravened MCL 691.1414, which provides, in pertinent part:

(1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury

---

[1] The city insists that Withers fell in an open catch basin rather than a manhole, a distinction that makes no difference to this Court.

occurred, . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect. . . .

(2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding. . . .

Civil process on a municipal corporation is to be served on "the mayor, the city clerk, or the city attorney of a city." MCR 2.105(G)(2).

Withers admits that she sent her notice to the city's law department by regular mail. Service made by ordinary mail is not service made "personally, or by certified mail, return receipt requested." The law department is not "an individual" and thus does not constitute an entity that "may be lawfully served with civil process against" the city. Therefore, Withers failed to comply with § 4(2).

In *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007), the Supreme Court held that the statute's "straightforward, clear, unambiguous" language must be enforced as written. And in *McCahan v Brennan*, 492 Mich 730, 733; 822 NW2d 747 (2012), the Supreme Court reaffirmed "the core holding of *Rowland* that . . . statutory notice requirements must be interpreted and enforced as plainly written and . . . no judicially created saving construction is permitted to avoid a clear statutory mandate." The Court added that "*Rowland* applies to all such statutory notice or filing provisions[.]" *Id.* See also *Jakupovic v Hamtramck*, 489 Mich 939; 798 NW2d 12 (2011) (holding that this Court erred by excusing a defect in the notice "rather than enforcing the notice requirement . . . as written").

Withers urges that her "substantial compliance" with § 4(2) excuses her failure to follow the literal dictates of the statute. We respectfully disagree with Withers's contention that sending the notice by regular mail to "the law department" came close to satisfying the statutory requirements. In other words, even if "substantial compliance" could substitute exact adherence to the statutory words (a proposition which our Supreme Court has soundly rejected), Withers's notice fell well short of "substantial compliance."

Because our resolution of this issue is dispositive, we need not address the city's additional claims of notice deficiency.

We reverse and remand to the circuit court for entry of judgment in favor of the city of Detroit. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro

-3-