# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN LEROY GLENN and SANDRA GLENN,

Plaintiffs-Appellees,

UNPUBLISHED
July 14, 2015

v

No. 321114
Court of Claims
LC No. 13-000126-MZ

DEPARTMENT OF CORRECTIONS,

Defendant-Appellant.

Before: O'CONNELL, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Department of Corrections (the Department) appeals as of right the trial court's order denying its motion for summary disposition under MCR 2.116(C)(7) on grounds of governmental immunity. Because the Michigan Supreme Court has recently decided that a claimant must personally sign a notice of intent, we reverse and remand.

## I. BACKGROUND FACTS

In December 2012, John Leroy Glenn was injured in an automobile accident with an employee of the Department. In April 2013, an attorney signed a notice of intent to file a claim on behalf of John and his wife Sarah. The Glenns filed their complaint in September 2013.

In November 2013, the Department filed a motion for summary disposition under MCR 2.116(C)(7). The Department contended that MCL 600.6431 barred the Glenns' claims because they did not strictly comply with the conditions that would give them the right to sue the State. According to the Department, the Glenns' notice of intent was defective because the Glenns did not personally sign it. The trial court denied the Department's motion for summary disposition on the basis that an attorney may act for his or her client when signing and filing a notice of intent.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition and issues of statutory interpretation. *McCahan v Brennan*, 492 Mich 730, 735-736; 822 NW2d 747 (2012). A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of immunity granted by law. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). If reasonable minds could not differ on the legal effects

-1-

of the facts, whether governmental immunity bars a plaintiff's claim is a question of law. *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011).

## III. ANALYSIS

The Department contends that the Glenns' notice of intent was defective because they did not personally sign it. The Glenns contend that MCL 600.6431 did not require them to personally sign the notice because an attorney may act for his or her client. We agree with the Department.

Governmental agencies in Michigan are statutorily immune from tort liability unless the State allows such agencies to be sued. *McCahan*, 492 Mich at 736. The Legislature may place conditions on the right to sue the State, including the notice provision of the Court of Claims Act. *Id.* This notice provision provides in pertinent part that

> [n]o claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state . . . , which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths. [MCL 600.6431(1).]

In *Fairley v Dep't of Corrections*, ___ Mich ___; ___ NW2d ___ (2015), issued on June 5, 2015, the Michigan Supreme Court held that a notice that was signed by the claimant's attorney instead of the claimant did not comply with MCL 600.6431(1). In that case, "[p]laintiff's counsel filed and signed a notice of intent to file a claim against MDOC in the Court of Claims; however, plaintiff herself did not sign the notice, as MCL 600.6431(1) requires." *Id*. at ___; slip op at 1. In this case, the Glenns did not sign the notice of intent. Instead, counsel signed and filed the notice purportedly on their behalf. We conclude that *Fairley* mandates reversal in this case.

We reverse and remand. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Michael J. Kelly

-2-