# STATE OF MICHIGAN

# COURT OF APPEALS

CHARNITA SADLER,

Plaintiff-Appellant,

v

CITY OF DETROIT,

Defendant-Appellee.

UNPUBLISHED
March 6, 2018

No. 336117
Wayne Circuit Court
LC No. 16-010827-NO

Before: GLEICHER, P.J., and BORRELLO and SWARTZLE, JJ.

GLEICHER, J. (*concurring*).

The majority holds that the outcome in this case is dictated by this Court's recent decision in *Wigfall v Detroit*, __ Mich App __; __ NW2d __ (Docket No. 333448, issued October 10, 2017), lv pending, and I concur. Were I writing on a blank slate, however, I would hold that service of Sadler's notice on the City of Detroit Law Department sufficed.

Sadler timely informed the city of Detroit of her claim. She used certified mail to send her notice within the applicable time period, and the city received it. The city then assigned an adjuster to gather more information. The adjuster sent a letter to counsel acknowledging receipt of the notice and seeking signed medical releases. In the fullest sense, notice was achieved. The purpose of the notice statute was fulfilled.

But as the majority holds, *Wigfall* dictates the result in this case. In *Wigfall*, this Court invoked the Supreme Court's opinion in *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007), which held that the "straightforward, clear, unambiguous" language of MCL 691.1404 "must be enforced as written." This Court emphasized that " 'no judicially created saving construction is permitted to avoid a clear statutory mandate.' " *Wigfall*, slip op at 3, quoting *McCahan v Brennan*, 492 Mich 730, 733; 822 NW2d 747 (2012).

But neither *Rowland* nor *Wigfall* mention another statutory text, MCL 600.2301. That statute addresses errors in the proceedings "which do not affect the substantial rights of the parties." It provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or

- 1 -

proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties. [*Id*.]

I would hold that MCL 600.2301 is a "clear statutory mandate" that "must be enforced as written." It compels courts to disregard otherwise inconsequential errors unless the errors affect "the substantial rights of the parties." This law expresses the intent of our Legislature that trifling technicalities precipitating no prejudice should not stand in the way of allowing a litigant to have her day in court. In other words, access to the courts is more important than enforcing formalities when a "process" mistake that causes no harm.

Here, the city of Detroit knew exactly what it needed to know to defend against Sadler's claim. The notion that serving the initial notice on the mayor, the city clerk, or the city attorney somehow would have aided the city's defense is laughable. If our courts truly revere the text of the statutes enacted by our Legislature, the answer to a case like this is simple. MCL 600.2301 commands that Sadler's error of process or proceeding must be disregarded because it had no effect on the city's rights. Were it not for this Court's decision in *Wigfall*, I would reverse the circuit court on that ground.

/s/ Elizabeth L. Gleicher