# STATE OF MICHIGAN

# COURT OF APPEALS

JUDY SANDERSON, ALBERT MORRIS, ANTONYAL LOUIS, and MADELINE BROWNE,

Plaintiffs-Appellants,

v

UNEMPLOYMENT INSURANCE AGENCY,

Defendant-Appellee.

UNPUBLISHED
August 23, 2018

No. 338983
Court of Claims
LC No. 16-000083-MM

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

SHAPIRO, P.J. (*concurring*).

I concur with the majority that plaintiffs failed to comply with the statutory notice requirement and that the Court of Claims correctly granted defendant summary disposition. I write to offer a somewhat different analysis.

My view of the case differs from the majority in two respects. First, I believe that the one-year notice provision, MCL 600.6431(1), governs this action rather than the six-month provision, MCL 600.6431(3). Second, I disagree with the majority's conclusion that plaintiffs are relying on the overruled continuing-wrongs doctrine. Rather, plaintiffs correctly argue that each violation of MCL 421.62(a) gives rise to a new claim.

MCL 600.6431 sets forth the notice requirements for bringing suit against the state:

(1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

* * *

1

(3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action.

MCL 600.6431(1) is the general notice provision whereas MCL 600.6431(3) "sets forth a special timing requirement applicable to a particular subset of those cases—those involving property damage or personal injury." *McCahan v Brennan*, 492 Mich 730, 752; 822 NW2d 747 (2012).

The essence of plaintiffs' claims is that their wages and tax refunds have been wrongfully seized by defendant and they seek the return of those funds.[1] In my view, it is too much of a leap to conclude that they are bringing an action for property *damage*. Under the majority's broad interpretation, seemingly every action where the plaintiff seeks to recover monies wrongfully taken or withheld by the state would have to comply with MCL 600.6431(3). For example, should the state violate a contract for payment, must the aggrieved party file notice within six months on the theory that its *property*, i.e., the funds due it, has been *damaged*, i.e., withheld or converted? I do not believe that this approach is consistent with the text of the statute.[2]

The majority relies on *Laurence G Wolf Capital Trust v City of Ferndale*, 269 Mich App 265; 713 NW2d 274 (2005), which concerned the proprietary function exception to governmental immunity, MCL 691.1413.[3] In that case, the plaintiffs alleged that the defendants, through their land use decisions, *id*. at 267, "tortuously interfered with their established and prospective business relationships . . . ." *Id*. at 273. The question in that case was whether the plaintiffs were seeking to recover "property damage" as contemplated by MCL 691.1413. *Id*. at 270. This Court concluded that the phrase property damage "includes injury or harm to one's rights or interests associated with an object." *Id*. at 271. This Court then determined that the plaintiffs' action satisfied that standard because they were essentially alleging that defendants

---

[1] Additionally, I agree with the Court of Claims that plaintiffs' conversion claim relies on essentially the same allegations as their constitutional claim.

[2] When interpreting statutes, our goal is to discern the Legislature's intent. See *Ford Motor Co v Dep't of Treasury*, 496 Mich 382, 389; 852 NW2d 786 (2014). "If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Id*. (quotation marks and citation omitted).

[3] MCL 691.1413 provides:

The immunity of the governmental agency shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as defined in this section. Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees. No action shall be brought against the governmental agency for injury or property damage arising out of the operation of proprietary function, except for injury or loss suffered on or after July 1, 1965.

2

interfered with their "right of lawful, unrestricted use of their [property] for the particular business purpose that they had negotiated." *Id*. 272. Thus, there was an "object," i.e. the business purpose for which the land had been purchased and the value of that object was reduced, i.e., damaged. In the instant case, plaintiffs do not seek to recover for *damage* to property, they simply seek the return of the property. For those reasons, I would conclude that plaintiffs are not seeking to recover property damage and the general notice provision found in MCL 600.6431(1) governs their claims.

I also diverge from the majority's view that plaintiffs are relying on the continuing-wrongs doctrine. In, *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 284; 696 NW2d 646 (2005), the Michigan Supreme Court overruled its prior adoption of the doctrine. But that decision helps explain why the majority's characterization of it is mistaken in this case.

In *Garg*, the plaintiff filed suit in 1995 claiming unlawful retaliation under the Civil Rights Act (CRA), MCL 37.2101 *et seq*. *Id*. at 270. She alleged that she was denied multiple promotions after filing a grievance in 1987. *Id*. at 277. The Michigan Supreme Court ruled that plaintiff could not rely on the continuing-wrongs doctrine, *id*. at 282, and it strictly applied the three-year limitations period. *Id*. at 284-286. But, importantly, the Court concluded only that the plaintiffs' claims of retaliatory discrimination occurring before the 1992 cut-off date were untimely. *Id*. at 286. In other words, the plaintiff could not pursuit all of her claims of retaliatory discrimination under a "continuing wrongs" theory even though the untimely wrongs were similar to the timely ones. But she could still pursue her timely claims. It follows that each alleged violation of the CRA stood alone as its own claim.

This Court applied that reasoning in *Dep't of Environmental Quality v Gomez*, 318 Mich App 1, 25-28; 896 NW2d 39 (2016). In that case, the Department of Environmental Quality brought a civil action on December 19, 2013, against the defendants after they had unlawfully placed fill material in a wetland over many years. *Id*. at 6. The defendants argued that the government's action was barred by the six-year limitations period because they first placed fill material in the wetland in 2005. *Id*. at 25-26. This Court rejected that argument and determined that the defendant violated the wetlands statute "each time they deposited fill material in the wetland." *Id*. This Court reasoned that while the government "could not seek enforcement of the violations that occurred before December 19, 2007, it was not barred from initiating an enforcement action for the violations that occurred within the limitations period." *Id*. at 28. In other words, a party may sue for damages caused by wrongful acts that are within the limitations period, but may not reach back beyond the limitations period even if the timely wrongful acts are similar to those that are untimely. *Garg* prevents a plaintiff from claiming damages for any acts occurring outside the limitations period, but does not prevent a plaintiff from filing a claim for damages based on wrongful acts that occurred within the period. If the only event within the limitations period is a further accrual of damages from the defendant's untimely wrongful acts then the suit is barred. And where there is a timely wrongful act, the plaintiff may seek damages

for that act but cannot bootstrap onto it a claim for damages that were actually caused by the untimely act.[4]

In this case, plaintiffs claim that defendant violated MCL 421.62(a) each time it seized money belonging to plaintiff.[5] "[U]nder *Garg*, each alleged violation of the statute was a separate claim with a separate time of accrual." *Gomez*, 318 Mich App at 28. Accordingly, a separate claim accrued for every unlawful seizure. Claims that comply with the notice provision may be sustained, even though plaintiffs cannot seek recovery for unlawful collection efforts that occurred more than a year before the filing of the complaint. As *Garg* and *Gomez* make clear, this conclusion does not rely on the continuing-wrongs doctrine.

My differences with the majority's analysis do not, however, lead me to a different result. Even applying the one-year notice provision, all of plaintiffs' claims are untimely. For Sanderson, the last collection effort was on April 9, 2015. Browne's tax refunds were intercepted in May 2014, and she alleged that her wages were last garnished in February 2015. Defendant redetermined Morris's eligibility for benefits in December 2013.[6] Louis's tax returns were intercepted in May and June 2014.[7] The April 11, 2016 complaint failed to provide the state one-year's notice of those claims as required. Accordingly, I concur with the affirmance of the Court of Claims.

/s/ Douglas B. Shapiro

---

[4] By way of example: Jones punches Smith causing injury to Smith's jaw. Smith's jaw heals over time and Smith does not file suit within the relevant limitations period. Then Jones punches Smith again, again damaging Smith's jaw. Smith may sue Jones for damages caused by this new wrongful act. The fact that the prior incident also involved a punch by Jones and an injury to Smith's jaw does not mean that Smith's suit relies on the continuing-wrongs doctrine. Whether particular damages flowed from the untimely act or the timely act would have to be determined by the factfinder as a matter of causation.

[5] Like the majority, I will assume without deciding that defendant violated MCL 421.62(a) by recovering improperly paid benefits through administrative action more than three years after the redeterminations in this case became final.

[6] Unlike the other plaintiffs, Browne is not claiming that defendant engaged in unlawful collection efforts. Rather, he argues that defendant's redetermination of his eligibility for benefits were time-barred by MCL 421.62(a).

[7] The Court of Claims indicated that there was a question of fact regarding whether Louis's tax returns were intercepted again in May 2015. Even assuming that event occurred, Louis and Browne technically did not provide notice of their claims until the filing of the amended complaint identifying them as plaintiffs in June 2016, over a year after that event.