STATE OF MICHIGAN
COURT OF APPEALS

DWAYNE WIGFALL,

    Plaintiff-Appellee,

v

CITY OF DETROIT,

    Defendant-Appellant.

UNPUBLISHED
October 10, 2017

No. 333448
Wayne Circuit Court
LC No. 15-015620-NO

Before: SAAD, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant City of Detroit appeals as of right an order denying its motion for summary disposition premised on the ground that plaintiff's highway defect action is barred by governmental immunity because plaintiff failed to comply with the statutory notice requirement. We reverse and remand for entry of an order granting defendant's motion for summary disposition.

On June 9, 2014, plaintiff was riding his motorcycle when he allegedly struck a pothole in the roadway which caused him to fall and sustain personal injuries. On December 2, 2015, plaintiff filed this lawsuit.

Defendant responded with a motion for summary disposition under MCR 2.116(C)(7), arguing that governmental immunity barred this case because plaintiff failed to serve the requisite notice "upon an individual who may lawfully be served with civil process directed against the City of Detroit, as required by MCL 691.1404(2)." Defendant acknowledged that, on September 22, 2014, it received notice of the injury and defect that was sent by certified mail to their law department claims division and that additional information had been requested from plaintiff by letter dated December 3, 2014. But, defendant argued, MCL 691.1404(2) required that notice be served on an "individual" who may lawfully be served civil process and, as set forth in MCR 2.105(G), process on a municipal corporation may only be served on the mayor, city clerk, or city attorney. Here, plaintiff mailed his notice to "City of Detroit Law Department – CLAIMS," and not to a proper individual. Therefore, plaintiff failed to comply with the statutory notice requirement and his lawsuit was barred by governmental immunity.

Plaintiff responded to defendant's motion, arguing that defendant's city charter states that its law department is headed by the Corporation Counsel. And, plaintiff argued, the Corporation Counsel is also known as the city attorney; thus, notice was properly sent to defendant's law

-1-

department. Further, the notice of claim form published on the City of Detroit law department's official website indicates that the completed notice of claim form should be mailed to "City of Detroit Law Department, Claims Section." Moreover, plaintiff's counsel's office telephoned the City of Detroit's law department to confirm the proper mailing address for providing notice of a claim against the City of Detroit and, as set forth in an attached affidavit, was told by "Ms. Tyler" in the law department that the proper mailing address for such notices was "City of Detroit Law Department – Attention Claims." And it is undisputed that defendant did receive the timely notice of claim with all of the required information. Thus, plaintiff was in full compliance with the statutory notice provision but, at minimum, plaintiff was in substantial compliance with the statutory notice provision. Plaintiff also argued that, if notice was deemed lacking, equitable estoppel should bar defendant from asserting that notice was insufficient because of its actions in directing plaintiff as to how to properly provide notice of a claim and by acknowledging plaintiff's claim. Accordingly, plaintiff's lawsuit was not barred by governmental immunity.

Defendant replied to plaintiff's response to its motion for summary disposition, arguing that plaintiff's notice was not directed to the mayor, city clerk, or city attorney; thus, it was not in compliance, nor even in substantial compliance, with the statutory notice requirement. Further, defendant was not equitably estopped from asserting that notice was insufficient because plaintiff was never advised to "send statutory notice of a highway defect claim to the claims section." In fact, defendant's ordinance warns that all claims must be "filed in accordance with the general law of the state applicable to the filing of claims against governmental agencies; otherwise no claim for money or damages may be brought against the city." Simply stated, defendant cannot change the legislatively prescribed notice requirements by its charter or ordinance. Plaintiff was required by the statute to serve his notice upon an individual who may lawfully be served with civil process directed to defendant and he failed to do so.

At oral arguments on defendant's motion, defendant further explained that the claims section on its official website merely provides for "a simplified procedure for resolving legal disputes without the necessity, time and expense of our formal judicial system." In other words, the purpose of that claims section on the website is to allow "redress without court intervention." But the claims section on the website does not and cannot supplant the statutory notice requirement when a lawsuit is contemplated. Following oral arguments, the trial court took the motion under advisement. Subsequently, the trial court issued an order denying defendant's motion. The court held that plaintiff substantially complied with the statutory notice provision. Alternatively, the court held, defendant is equitably estopped from asserting that notice was insufficient considering the information on defendant's website regarding the provision of notice, as well as the fact that the same information was provided by an employee of the law department by telephone to plaintiff's counsel's office. Accordingly, defendant's motion for summary disposition was denied. This appeal followed.

Defendant argues that governmental immunity barred this action because plaintiff failed to comply with the statutory notice requirement, MCL 691.1404(2). We agree.

We review de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion under MCR 2.116(C)(7) should be granted if, after considering the complaint's allegations as true and the documentary

evidence submitted by the parties, the claim is barred by governmental immunity. *Id*. at 119. We also review de novo the applicability of governmental immunity. *Herman v Detroit*, 261 Mich App 141, 143; 680 NW2d 71 (2004).

> MCL 691.1404 provides, in pertinent part:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

> (2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding.

MCR 2.105(G)(2) provides that the individual who may lawfully be served civil process on behalf of a municipal corporation is "the mayor, the city clerk, or the city attorney of a city[.]"

Defendant argues that plaintiff did not serve any individual with notice of his claim as required under MCL 691.1404(2); rather, he sent notice to the claims section of defendant's law department. The city attorney for defendant is "Corporation Counsel" who, at the relevant time, was Melvin Butch Hollowell. Plaintiff did not serve his notice on Hollowell, the mayor, or the city clerk. And, contrary to plaintiff's claim, substantial compliance is insufficient. We agree with defendant.

As our Supreme Court held in *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007), the "straightforward, clear, unambiguous" language of MCL 691.1404 "must be enforced as written." Further, our Supreme Court held, "no judicially created saving construction is permitted to avoid a clear statutory mandate." *McCahan v Brennan*, 492 Mich 730, 733; 822 NW2d 747 (2012); see also *Jakupovic v Hamtramck*, 489 Mich 939; 798 NW2d 12 (2011). Statutory notice provisions are within the sole province of the Legislature and the judiciary has no authority to amend them; thus, they must be interpreted and enforced as plainly written. *McCahan*, 492 Mich at 732-733. In other words, contrary to plaintiff's argument and the trial court's holding, substantial compliance with the statutory notice provision is not sufficient. Because it is undisputed that plaintiff did not serve his notice upon any individual who may lawfully be served with civil process directed against defendant as required under MCL 691.1404(2), plaintiff failed to comply with the statutory notice requirement. See *McLean v Dearborn*, 302 Mich App 68, 79; 836 NW2d 916 (2013).

Defendant also argues that the doctrine of equitable estoppel is not applicable in this case because neither its website nor its employee advised plaintiff that the required *statutory* notice of a claim may be satisfied by sending the notice to the claims section of the law department. Defendant has no power to change or alter the law in that regard. In fact, defendant argues, its claims ordinance specifically warns that state law must be followed "otherwise no claim for money or damages may be brought against the city."

The application of a legal doctrine like equitable estoppel presents a question of law. *James v Alberts*, 464 Mich 12, 14-15; 626 NW2d 158 (2001). A trial court's findings of fact supporting its decision are reviewed for clear error. *AFSCME v Bank One, NA*, 267 Mich App 281, 293; 705 NW2d 355 (2005). "Estoppel arises where a party, by representations, admissions or silence, intentionally or negligently induces another party to believe facts, and the other party justifiably relies and acts on this belief, and will be prejudiced if the first party is permitted to deny the existences of the facts." *Casey v Auto Owners Ins Co*, 273 Mich App 388, 399; 729 NW2d 277 (2006) (quotation marks and citation omitted).

In this case, the trial court concluded that equitable estoppel applied and prevented defendant from asserting that notice was insufficient because defendant provided information on its website and over the telephone regarding the provision of notice related to claims. But this holding essentially charges defendant with the duty to provide potential litigants with legal advice related to the interpretation of a statute and court rule. And because in this case plaintiff received incorrect, inapplicable, or misinterpreted legal advice, defendant should be estopped from asserting that the statutory notice requirement was not met. We cannot agree.

It appears that plaintiff relied on information provided by defendant through its law department that was meant to relate solely to informal claims against defendant. But in any case, plaintiff was not entitled to rely on defendant's interpretation or misinterpretation of the legal requirements set forth in MCL 691.1404 as a justification or excuse for his failure to act in conformity with those requirements. To avoid governmental immunity, plaintiff was required to fulfill the requirements set forth by our Legislature in MCL 691.1404. One of those requirements was to serve notice "upon an individual . . . who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding." MCL 691.1404(2). MCR 2.105(G)(2) provides that the individual who may lawfully be served civil process on behalf of a municipal corporation is "the mayor, the city clerk, or the city attorney of a city." Plaintiff did not serve notice upon "the mayor, the city clerk, or the city attorney," allegedly because of the misinformation provided by defendant. The equitable estoppel doctrine does not excuse that failure to comply with the statutory mandate and the trial court's decision to the contrary was erroneous. Accordingly, defendant's motion for summary disposition should have been granted because plaintiff's action was barred by governmental immunity.

Reversed and remanded for entry of an order granting defendant's motion for summary disposition. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

-4-