# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN SYKES,

  Plaintiff-Appellant,

v

CITY OF DETROIT,

  Defendant-Appellee.

UNPUBLISHED
September 11, 2018

No. 339722
Wayne Circuit Court
LC No. 16-006510-NO

Before: SWARTZLE, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(7). On appeal, plaintiff argues that the trial court (1) erred in determining that service of plaintiff's notice of injury on defendant was deficient, and (2) erred by failing to determine that defendant was equitably estopped from arguing the notice was deficient. We affirm.

This action arises out of a trip and fall incident whereby plaintiff allegedly tripped and injured his knee while walking on a sidewalk owned and maintained by defendant. When plaintiff filed a civil complaint in the Wayne Circuit Court alleging negligence, defendant moved for summary disposition based upon governmental immunity. MCR 2.116(C)(7). Specifically, defendant contended that plaintiff had failed to strictly comply with the requirements of MCL 691.1404, which required plaintiff to serve notice of his injury on "the mayor, the city clerk, or the city attorney[.]" MCR 2.105(G)(2). Instead, plaintiff served notice of his injury on defendant's law department. The trial court agreed that plaintiff's notice was defective, and dismissed plaintiff's complaint.

Plaintiff first argues that the trial court erroneously concluded that service on the city's law department was insufficient under the statute. Plaintiff contends that the statue does not specify who exactly should be served, and that, in any event, plaintiff should be permitted to proceed with his complaint because he substantially complied with the statutory requirements. We disagree.

" 'This Court reviews motions for summary disposition under MCR 2.116(C)(7) de novo.' " *Russell v City of Detroit*, 321 Mich App 628, 631; 909 NW2d 507 (2017), quoting *Trentadue v Buckler Automatic Law Sprinkler Co*, 479 Mich 378, 386; 738 NW2d 664 (2007).

-1-

"Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by immunity granted by law." *State Farm Fire & Cas Co v Corby Energy Servs, Inc*, 271 Mich App 480, 482; 722 NW2d 906 (2006), citing *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001). "In order to avoid summary disposition pursuant to MCR 2.116(C)(7), a plaintiff must plead facts in avoidance of immunity." *State Farm*, 271 Mich App at 482, citing *Mack v Detroit*, 467 Mich 186, 199; 649 NW2d 47 (2002). "If the facts are not in dispute and reasonable minds could not differ concerning the legal effect of those facts, whether a claim is barred by governmental immunity is a question for the court to decide as a matter of law." *Poppen v Tovey*, 256 Mich App 351, 354; 664 NW2d 269 (2003).

Questions of statutory interpretation are also reviewed de novo. *Stanton v City of Battle Creek*, 466 Mich 611, 614; 647 NW2d 508 (2002), citing *In re MCI Telecommunications*, 460 Mich 396, 413; 596 NW2d 164 (1999). "The primary rule of statutory interpretation is that we are to effect the intent of the Legislature." *Stanton*, 466 Mich at 615, citing *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001). " 'To do so, we begin with the language of the statute, ascertaining the intent that may reasonably be inferred from its language.' " *Odom v Wayne Co*, 482 Mich 459, 467; 760 NW2d 217 (2008), quoting *Lash v Traverse City*, 479 Mich 180, 187; 735 NW2d 628 (2007). If the language is unambiguous, the intent of the Legislature is clear and " 'judicial construction is neither necessary nor permitted.' " *Odom*, 482 Mich at 467, quoting *Lash*, 479 Mich at 187.

MCL 691.1404 provides, in pertinent part:

(1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days form the time the injury occurred, . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

(2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding.

MCR 2.105(G)(2) in turn provides:

(G) Public Corporations. Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on:

* * *

(2) the mayor, the city clerk, or the city attorney of a city[.]

Whether service to a city's law department is sufficient pursuant to MCL 691.1404 and MCR 2.105(G)(2) was recently addressed by this Court in *Wigfall v City of Detroit*, 322 Mich App 36, 41-42; 910 NW2d 730 (2017).

In *Wigfall*, the plaintiff filed suit against the city of Detroit after allegedly striking a pothole while riding a motorcycle and sustaining injuries. Despite the city admitting that it received actual notice of the plaintiff's injury, it nevertheless moved for summary disposition pursuant to MCR 2.116(C)(7), "arguing that governmental immunity barred [the] case because [the] plaintiff failed" to specifically comply with the terms of MCL 691.1404(2). *Wigfall*, 322 Mich App at 38-39. The city argued that the "plaintiff mailed his notice to 'City of Detroit Law Department – CLAIMS,' and not to a proper individual." *Id*. at 39. This Court agreed, and held that the plaintiff "failed to comply with the statutory notice requirement" because he "did not serve his notice upon any individual who may lawfully be served with civil process" pursuant to MCL 691.1404(2). *Id*. at 42-43. *Wigfall* indisputably held that MCL 691.1404(2), in conjunction with MCR 2.105(G)(2), strictly requires that notice of injury in governmental negligence actions against municipal corporations must specifically be served on the mayor, the city clerk, or the city attorney. *Id*. at 41-42, quoting MCR 2.105(G)(2). In this case, plaintiff admits to having served his notice of injury on the city's law department, but contrary to *Wigfall*, contends that service in the law department was the equivalent to service on the city attorney.

Plaintiff contends, in the alternative, that regardless of the interpretation of MCL 691.1404(2), plaintiff substantially complied with the requirements of the statute and thus should be permitted to proceed with his civil action. Both plaintiff and defendant introduce competing views of *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007), and whether the case stands for the proposition that substantial compliance is insufficient to satisfy the notice requirements of MCL 691.1404(2). Again, *Wigfall* is dispositive because it definitively interpreted *Rowland* as requiring strict compliance:

> As our Supreme Court held in *Rowland* . . . the "straightforward, clear, and unambiguous" language of MCL 691.1404 "must be enforced as written." Further, our Supreme Court held, "no judicially created saving construction is permitted to avoid a clear statutory mandate." *McCahan v Brennan*, 492 Mich 730, 733; 822 NW2d 747 (2012); see also *Jakupovic v Hamtramck*, 489 Mich 939; 798 NW2d 12 (2011). Statutory notice provisions are within the sole province of the Legislature and the judiciary has no authority to amend them; thus, they must be interpreted and enforced as plainly written. *McCahan*, 492 Mich at 732-733. In other words, contrary to plaintiff's argument and the trial court's holding, *substantial compliance with the statutory notice provision is not sufficient*. [*Wigfall*, 322 Mich App at 42-43 (emphasis added).]

While *Wigfall* is pending before the Michigan Supreme Court, we note that the case remains controlling precedent. See MCR 7.215(C)(2) ("the filing of an application for leave to appeal to the Supreme Court or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals."). Therefore, pursuant to *Wigfall*, MCL 691.1404(2) required plaintiff to have served his notice "upon an individual . . . who may lawfully be served with civil process directed against the governmental agency." *Wigfall*, 322 Mich App at 42, 44. Said individuals included "the mayor, the city clerk,

or the city attorney," and not defendant's law department. *Id.* Furthermore, that plaintiff's notice may have been otherwise void of defects is irrelevant because he was required to strictly conform to the requirements of MCL 691.1404. *Id.* at 42-43.

Finally, plaintiff argues that defendant should have been equitably estopped from raising issues related to service of plaintiff's notice of injury because defendant's website specifically instructed plaintiff to file his claim with defendant's law department, and upon receipt of plaintiff's notice, defendant's law department sent a letter to plaintiff indicating that it had received the notice without ever claiming a defect existed. Contrarily, defendant contends that the instructions described by plaintiff were related to filing informal claims with the city for the purpose of avoiding litigation, and had nothing to do with service or acceptance of service of a civil complaint.

"This Court reviews de novo the trial court's application of legal and equitable doctrines, including the doctrines of res judicata and equitable estoppel." *Sylvan Twp v City of Chelsea*, 313 Mich App 305, 315-316; 882 NW2d 545 (2015), citing *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007), and *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008). " 'Estoppel arises where a party, by representations, admissions or silence, intentionally or negligently induces another party to believe facts, and the other party justifiably relies and acts on this belief, and will be prejudiced if the first party is permitted to deny the existence of those facts.' " *Wigfall*, 322 Mich App at 43, quoting *Casey v Auto-Owners Ins Co*, 273 Mich App 388, 399; 729 NW2d 277 (2006). Whether a plaintiff may use equitable estoppel to prevent a city from raising service issues where the plaintiff relied on the city's instruction to perfect service is also an issue addressed in *Wigfall*.

In *Wigfall*, the trial court concluded that the city of Detroit was equitably estopped from raising arguments pertaining to service of the notice of injury because the city "provided information on its website and over the telephone regarding the provision of notice related to claims," and the plaintiff had seemingly followed the city's instruction. *Wigfall*, 322 Mich at 44. This Court reversed, holding that the trial court "essentially charge[d] [the] defendant with the duty to provide potential litigants with legal advice related to the interpretation of a statute and court rule." *Id.* This Court reasoned:

> We cannot agree that because plaintiff received incorrect, inapplicable, or misinterpreted legal advice, defendant should be estopped from asserting that the statutory notice requirement was not met.
>
> It appears that plaintiff relied on information provided by defendant through its law department that was meant to relate solely to informal claims against defendant. But in any case, plaintiff was not entitled to rely on defendant's interpretation or misinterpretation of the legal requirements set forth in MCL 691.1404 as a justification or excuse for his failure to act in conformity with those requirements. To avoid having his claim barred by governmental immunity, plaintiff was required to fulfill the requirements set forth by our Legislature in MCL 691.1404. One of those requirements was to serve notice "upon any individual . . . who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any

-4-

municipal corporation notwithstanding." MCL 691.1404(2). MCR 2.105(G)(2) provides that the individual who may lawfully be served civil process on behalf of a municipal corporation is "the mayor, the city clerk, or the city attorney of a city[.]" Plaintiff did not serve notice on "the mayor, the city clerk, or the city attorney," allegedly because of the misinformation provided by defendant. The equitable-estoppel doctrine does not excuse that failure to comply with the statutory mandate . . . . [*Id*. at 44-45.]

The same circumstances exist in this case where it appears that the instructions cited by plaintiff were related to defendant's informal claims process and had nothing to do with filing a civil action against defendant. Notwithstanding, even assuming *arguendo* that the instructions and websites cited by plaintiff constituted legal advice from defendant, plaintiff "was not entitled to rely on defendant's interpretation or misinterpretation of the legal requirements set forth in MCL 691.1404 as a justification or excuse for his failure to act in conformity with those requirements." *Id*. at 44. Accordingly, equitable estoppel was not applicable and the trial court correctly determined that plaintiff's civil action was barred by governmental immunity.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien

-5-