# STATE OF MICHIGAN

# COURT OF APPEALS

FREDERICK R. WHEELER and MARILYN WHEELER,

Plaintiffs-Appellees,

v

CITY OF LIVONIA,

Defendant-Appellant.

UNPUBLISHED
November 27, 2018

No. 338704
Wayne Circuit Court
LC No. 15-009025-NZ

Before: SHAPIRO, P.J., and CAVANAGH and K.F. KELLY, JJ.

K. F. KELLY (*dissenting*).

I respectfully dissent. I would hold that defendant was entitled to summary disposition on the basis that plaintiffs' claims are barred by governmental immunity.

"[A] claimant is not entitled to compensation . . . unless the claimant notifies the governmental agency of a claim of damage or physical injury, in writing, within 45 days after the date the damage or physical injury was discovered, or in the exercise of reasonable diligence should have been discovered." MCL 691.1419(1). "The written notice under this subsection shall contain the content required by subsection (2)(c) and shall be sent to the individual within the governmental agency designated in subsection (2)(b)." *Id.* MCL 691.1419(2)(c) provides that a notice must contain "the claimant's name, address, and telephone number, the address of the affected property, the date of discovery of any property damages or physical injuries, and a brief description of the claim." MCL 691.1419(2)(b) requires the governmental entity in question to determine "[t]he name and address of the individual within the governmental agency to whom a claimant must send written notice . . . ."

Here, plaintiffs contend their notice with respect to the first incident was timely because they insist the first sewer incident and their discovery of damage to their property occurred at some indeterminate date in October 2014. The record has no evidence beyond the statement appended to plaintiffs' notice that supports a finding that the sewer incident occurred in October. There is, however, a plethora of evidence showing that it occurred September 23, 2014, including invoices, interrogatory answers, plaintiff Frederick Wheeler's deposition testimony, and even an email from plaintiffs' counsel to their expert directing him what to write about "the Sewer System Events which occurred . . . on or about September 23, 2014 . . . ." Their notice,

-1-

filed November 12, 2014, was untimely because it was filed more than 45 days after the first sewer incident.

Our Supreme Court held that a plaintiff's failure to comply with the notice requirement of the "highway exception" to governmental immunity, MCL 691.1404, is fatal to a plaintiff's attempt to pursue a lawsuit under the "highway exception." *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007). In so holding, the Court overruled previous precedent that had required a governmental agency to show actual prejudice from a failure to provide proper notice. *Id.* at 213-214. Explaining that "MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect," the Court "conclude[d] that it must be enforced as written." *Id*. at 219. The Court later "clarif[ied] that *Rowland* applies to all such statutory notice or filing provisions . . . ." *McCahan v Brennan*, 492 Mich 730, 733; 822 NW2d 747 (2012). "[W]hen the plain language of a statute requires particular notice as a condition for recovery, 'no "saving construction" [is] necessary or allowed. Thus, the engrafting of [a] prejudice requirement onto the statute [is] entirely indefensible.' " *McCahan*, 492 at 743-744, quoting *Rowland*, 477 Mich at 211. In other words, when a statute provides a notice requirement, that notice requirement must be adhered to strictly or a plaintiff may not avoid governmental immunity.

Significantly, in *Rowland*, the failure to timely file a required statutory notice was fatal to the plaintiff's attempt to avoid governmental immunity, notwithstanding any failure of the governmental entity to show "prejudice" by the late notice. *Rowland*, 477 Mich at 219.

Plaintiffs argue that they are excused from any failure to comply with the notice requirement by MCL 691.1419(3)., which provides that a plaintiff can be excused from the notice requirement only if the governmental agency in question did not provide the information required by MCL 691.1419(2) *and* that failure was the reason the plaintiff did not comply:

> (3) A claimant's failure to comply with the notice requirements of subsection (1) does not bar the claimant from bringing a civil action under section 17 against a governmental agency notified under subsection (2) if the claimant can show both of the following:
>
> (a) The claimant notified the contacting agency under subsection (2) during the period for giving notice under subsection (1).
>
> (b) The claimant's failure to comply with the notice requirements of subsection (1) resulted from the contacting agency's failure to comply with subsection (2).

Here, defendant provided a claim form that elicited all of the information required by MCL 691.1419(2)(c) and provided the contact information required by MCL 691.1419(2)(b), but there is no evidence that defendant provided written notification of the time requirement. However, similarly, there is no evidence that plaintiffs would have timely filed their notice had they received that information, as is required by MCL 691.1419(3)(b). Accordingly, the statute does not excuse plaintiffs' failure to timely file their notice with the city.

This Court strictly enforces statutory notice requirements. In *Wigfall v Detroit*, 322 Mich App 36, 42; 910 NW2d 730 (2017), for example, the plaintiff sent the notice required under the "highway exception" to the "City of Detroit Law Department," whereas the statute required individual service on the mayor, city clerk, or city attorney. Because the notice was not served on one of those individuals, but rather generally to the "law department," this Court held that the plaintiff failed to comply with the notice requirement; this was so even though there, as here, the defendant city acknowledged receipt of the claim. *Id*.

In *McLean*, 302 Mich App 68, this Court held that the plain language of MCL 691.1404 and MCR 2.105(G)(2) required service of notice on a city's mayor, city clerk, or city attorney, unless some other person "was authorized by *written appointment* or *law* to accept service on behalf of" the city. *Id*. at 80, citing MCR 2.105(H)(1). In *McLean*, the plaintiff sued the defendant city of Dearborn under the highway exception. But she served the notice required by MCL 691.1404 on a third-party administrator Dearborn had contracted with to handle claims against the city. The plaintiff in *McLean*, much like plaintiffs do here, relied on the fact that the city's third-party administrator responded to her notice as evidence that the claim was properly served. *Id*. at 79. However, this Court rejected that argument, concluding that there was no evidence that Dearborn had made a written appointment or law authorizing the third-party administrator to act as Dearborn's agent for the acceptance of service of process. *Id*. at 80-81.

The trial court ruled that defendant allegedly already knew about generalized defects in its sewer system, thus somehow satisfying the notice requirement of MCL 691.1419. But nothing in the statute excuses a plaintiff from providing notice of a specific sewage-related event even if the city knows generally of some defect in the sewer system.

With respect to the second sewage incident, plaintiffs simply did not provide notice. The first of two letters from plaintiffs' counsel to defendant's outsider adjuster purports to amend *the first notice* and makes *no mention* of a second event. The second letter claims to "amend and correct" the first letter by, for the first time, informing of a second event on April 13, 2015 (contrary to Frederick Wheeler's testimony that the second event was April 11, 2015). But the second letter, which is the first one that informs of the second event, was dated June 18, 2015, well beyond the 45-day notice limit. With respect to the second incident, plaintiffs did not comply with the notice requirement at all, and even if they did, the notice providing the date and informing of a second incident was filed about 66 to 68 days after the second incident.

Because plaintiffs did not comply with MCL 691.1419's notice requirement, they did not properly avail themselves of the sewer-disposal-system-event exception to governmental immunity. I would hold that defendant was entitled to summary disposition on the basis that plaintiffs' claims are barred by governmental immunity.

/s/ Kirsten Frank Kelly