*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ORLANDO LEE MAYS,

      Plaintiff-Appellant,

v

CITY OF DETROIT,

      Defendant-Appellee.

UNPUBLISHED
January 24, 2019

No. 339168
Wayne Circuit Court
LC No. 15-012042-NO

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition to defendant under MCR 2.116(C)(7) (governmental immunity). We affirm.

This case arises out of injuries plaintiff allegedly sustained in a single-vehicle accident on a Detroit roadway. Ultimately, the trial court granted defendant summary disposition due to governmental immunity, reasoning that plaintiff had failed to present any evidence that he had complied with the notice requirements set forth by MCL 691.1404. On appeal, plaintiff argues that the trial court erred by so ruling. We disagree.

Defendant moved for summary disposition under MCR 2.116(C)(7). We review a trial court's decision on a motion for summary disposition ruling de novo. *Walters v Nadell*, 481 Mich 377, 381; 751 NW2d 431 (2008). A motion for summary disposition under MCR 2.116(C)(7) may be raised on the grounds that a claim is barred because of immunity granted by law. *Plunkett v Dep't of Transp*, 286 Mich App 168, 180; 779 NW2d 263 (2009). "To survive a (C)(7) motion raised on these grounds, the plaintiff must allege facts warranting the application of an exception to governmental immunity." *Id*.

> A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence. If such material is submitted, it must be considered. MCR 2.116(G)(5). Moreover, the substance or content of the supporting proofs must be admissible in evidence. . . . Unlike a motion under subsection (C)(10), a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with

> supportive material. The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant. [*Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).]

"This Court must review documentary evidence in a light most favorable to the nonmoving party." *RDM Holdings, LTD v Continental Plastics Co*, 281 Mich App 678, 686-687; 762 NW2d 529 (2008). Furthermore, if there is no factual dispute, then whether plaintiff's claim is barred under MCR 2.116(C)(7) is a question of law for the court to decide. *Id*. "If a factual dispute exists, however, summary disposition is not appropriate." *Id*. This Court may only consider "what was properly presented to the trial court before its decision on the motion." *Pena v Ingham Co Rd Comm*, 255 Mich App 299, 310; 660 NW2d 351 (2003). Finally, "[i]ssues of statutory interpretation are reviewed de novo." *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006).

Governmental immunity, which derives from sovereign immunity, is the public policy "that limits imposition of tort liability on a governmental agency." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 155-156; 615 NW2d 702 (2000). Under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*., governmental agencies are immune from tort liability when engaged in a governmental function. *Id*. at 156. Immunity under the GTLA "is expressed in the broadest possible language" and "extends . . . to all governmental agencies for all tort liability whenever they are engaged in the exercise or discharge of a governmental function." *Id*. Importantly, "the immunity conferred upon governmental agencies is *broad*, and the statutory exceptions thereto are to be *narrowly* construed." *Id*. at 158; see also *Mack v City of Detroit*, 467 Mich 186, 197-201; 649 NW2d 47 (2002) (holding that "governmental immunity is a characteristic of government," not an affirmative defense, and that a "plaintiff must plead her case in avoidance of immunity" to demonstrate than an exception to governmental immunity applies).

There are six exceptions to immunity under the GTLA, one of which is the highway exception. *Goodhue v Dep't of Transp*, 319 Mich App 526, 531 n 1; 904 NW2d 203 (2017). For the highway exception to apply, a plaintiff must comply with the specific notice requirements established in MCL 691.1404. See *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007). The highway exception to the GTLA has strict requirements regarding *who* a plaintiff must serve notice upon and *when* it must be served for it to be effective. Such notice must be served upon "any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency." MCL 691.1404(2). Effective service on a city requires a plaintiff to serve " 'the mayor, the city clerk, or the city attorney of a city[.]' " *Wigfall v City of Detroit*, 322 Mich App 36, 42; 910 NW2d 730 (2017), quoting MCR 2.105(G)(2). Further, MCL 691.1404(1) provides that "[a]s a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3)[1] shall serve notice on the governmental agency of the occurrence of

---

[1] Subsection (3) addresses injured persons under the age of 18 and is not implicated here.

the injury and the defect." Importantly, "the notice provision is not satisfied if notice is served more than 120 days after the accident *even if there is no prejudice*." *Rowland*, 477 Mich at 219.

Here, the trial court granted defendant's motion for summary disposition on the basis of plaintiff failing to serve notice within the 120-day statutory period. The trial court did not err. The evidence shows that plaintiff's accident occurred on August 26, 2014. Thus, plaintiff had 120 days from that date to serve notice on defendant, which normally would be December 24, 2014. But with that day being a holiday, the due date would become the next non-holiday weekday, which was December 26, 2014. See MCR 1.108(1). Defendant attached to its motion for summary disposition a copy of plaintiff's notice, which was stamped as being received on January 2, 2015. Plaintiff, in opposing defendant's motion for summary disposition, did not submit any materials to refute that defendant had received the notice on January 2, 2015. Indeed, when asked at the motion hearing if there were any signed return receipts to show that the notice had actually been received, plaintiff did not have any.[2] Accordingly, with no evidence to show that the notice had been timely served, the trial court did not err in granting defendant's motion for summary disposition on this basis.

Additionally, although not relied on by the trial court, defendant's alternative argument presented in its motion for summary disposition—that notice was not properly sent to the proper recipient—also was a ground to grant defendant's motion for summary disposition. In *Wigfall*, this Court held that notice addressed to the claims section of Detroit's Law Department was not sufficient to constitute service on the city attorney because the Law Department is not the mayor, the city clerk, or the city attorney. *Wigfall*, 322 Mich App at 39, 43. The *Wigfall* Court further held that "substantial compliance with the statutory notice provision in MCL 691.1404(2) is not sufficient" and that the "Law Department" is not an "individual who may lawfully be served with civil process directed against defendant." *Id*. at 43.

In this case, plaintiff addressed his notice to the "City of Detroit Law Department," not to the mayor, the city clerk, or the city attorney. This case presents the exact same scenario as in *Wigfall*, as each plaintiff attempted to provide notice to the city attorney by addressing their notice letters to the defendant's Law Department. Addressing a letter to the Law Department, however, was legally insufficient in *Wigfall* and is similarly insufficient in this case. Because plaintiff's attempted notice in this case was ineffective, summary disposition also was appropriately granted on this alternate basis. See *Detroit International Bridge Co v Commodities Export Co*, 279 Mich App 662, 668; 760 NW2d 565 (2008) ("[W]e will not reverse a trial court if it reached the right result for an alternate reason.").

---

[2] While plaintiff eventually provided the trial court with a signed return receipt with his motion for reconsideration, this evidence was presented to the trial court *after* it had granted defendant's motion for summary disposition. Thus, the return receipt is not properly considered while reviewing the trial court's ruling on the motion for summary disposition. See *Pena*, 255 Mich App at 310. Regardless, even if such notice was properly considered, it nevertheless was untimely because it shows that it was received on December 30, 2014, which was after the December 26 deadline.

Affirmed.  Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jonathan Tukel