*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA A. PARADISO,

Plaintiff-Appellee,

v

CITY OF ROYAL OAK,

Defendant-Appellant.

UNPUBLISHED
February 21, 2019

No. 340757
Oakland Circuit Court
LC No. 2016-155600-NO

Before: CAVANAGH, P. J., and BORRELLO and REDFORD, JJ.

PER CURIAM.

Defendant, Royal Oak, appeals as of right the trial court's order denying defendant's motion for summary disposition. We reverse.

## I. BACKGROUND

Plaintiff alleged in her complaint that, on the evening of September 27, 2015, she tripped and fell because of a raised slab of sidewalk in front of 2106 Woodland Avenue, Royal Oak, Michigan, injuring her left arm. Defendant previously marked that sidewalk defect for repair as part of its sidewalk improvement program. A few days after the fall, plaintiff's husband called the City Attorney's Office and asked how plaintiff could make a claim regarding her fall. The City Attorney's Office sent a letter on October 1, 2015, stating:

> If your wife wishes to file a claim with the City's insurance carrier, please complete the enclosed claim form and return it to our office with estimates for anticipated expenses and/or bills that you may have incurred to date.

> \* \* \*

> You should anticipate a confirmation letter from the [City's insurance carrier] approximately two weeks after the date you submit the claim to the City Attorney's Office.

Plaintiff promptly completed defendant's Notice of Claim form and mailed it by regular, first-class mail to the City Attorney's Office on October 8, 2015. The City Attorney's Office stamped the notice as received on October 13, 2015. Following receipt of plaintiff's Notice of Claim, the city's Highway and Parks Department supervisor took photographs of the condition where plaintiff indicated that she tripped and he measured the sidewalk's slab displacement of slightly less than two inches in height.[1]

Because she did not receive a response to her Notice of Claim, plaintiff physically went to the City Attorney's Office to inquire regarding her claim's status. A woman who worked in the office confirmed that plaintiff's Notice of Claim had been received and that she could expect to hear from someone soon. Plaintiff had with her a copy of her Notice of Claim and intended to leave it at the City Attorney's Office if necessary. However, the person with whom she spoke told her that she need not do so because the City already had it. Because plaintiff did not receive a response from defendant regarding her claim, she mailed a second Notice of Claim to the City Attorney's Office by first-class mail on November 2, 2015. Plaintiff then received a letter from defendant's insurance adjuster acknowledging receipt of her claim on December 8, 2015.

After conducting discovery, defendant moved for summary disposition pursuant to 2.116(C)(7), (C)(8), and (C)(10). Although defendant moved for summary disposition pursuant to MCR 2.116(C)(8), the trial court considered documentary evidence beyond the pleadings, and therefore, the trial court did not deny defendant's motion for summary disposition pursuant to MCR 2.116(C)(8). Defendant argued that plaintiff could not establish a claim under the highway exception to government immunity because her pre-suit notice failed to strictly comply with MCL 691.1404(2)'s notice requirement by not properly serving defendant and by not providing an adequate description of the location of the defect or the defect's nature. Defendant also asserted that plaintiff could not prove that the sidewalk's condition caused her accident. Plaintiff opposed the motion.

The trial court denied defendant's motion on the grounds that plaintiff rebutted the statutory presumption that defendant maintained the sidewalk in reasonable repair and because a genuine issue of material fact existed whether it actually maintained the sidewalk in reasonable repair. The trial court also ruled that a genuine issue of fact existed regarding the proximate cause of plaintiff's injuries. Respecting defendant's contention of defects in plaintiff's Notice of Claim and its service, the trial court ruled that plaintiff complied with the statutory notice requirements by identifying the location of the sidewalk defect and the nature of the defect. The trial court relied on *Plunkett v Dep't of Trans*, 286 Mich App 168, 176-178; 779 NW2d 263 (2000), and ruled that the facts before the trial court established that plaintiff substantially complied with the statutory service requirements.

---

[1] In response to plaintiff's notice, defendant later patched the defect on November 25, 2015.

## II. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision to deny a motion for summary disposition." *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007). This Court also reviews de novo questions of statutory interpretation. *Id*.

"Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by immunity granted by law. To survive such a motion, the plaintiff must allege facts justifying the application of an exception to governmental immunity." *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001) (citation omitted). "When deciding a motion for summary disposition under MCR 2.116(C)(7), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party." *Fields v Suburban Mobility Auth for Regional Trans*, 311 Mich App 231, 234; 874 NW2d 715 (2015) (citations omitted). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id*. (quotation marks and citations omitted).

## III. ANALYSIS

Defendant first argues that the trial court erred in denying its motion for summary disposition because plaintiff failed to strictly comply with the service requirements of MCL 691.1404. We agree.

"The governmental immunity act [MCL 691.1401 *et seq*.] provides broad immunity from tort liability to governmental agencies whenever they are engaged in the exercise or discharge of a governmental function." *Plunkett*, 286 Mich App at 181 (quotation marks, citation, and alteration omitted). "However, the governmental immunity act sets forth several narrowly construed exceptions to immunity, including liability for damages caused by an unsafe highway." *Id*. The highway exception to governmental immunity is set forth in MCL 691.1402(1), and provides, in relevant part:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

The term "highway" includes sidewalks. MCL 691.1401(c). To recover under the highway exception, a person must provide notice to the governmental agency as set forth in MCL 691.1404, which provides, in relevant part:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The

notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

(2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding.

MCR 2.105(G)(2) specifies that civil process may be made on a municipal corporation by serving "the mayor, the city clerk, or the city attorney." Defendant argues that plaintiff failed to strictly comply with MCL 691.1404(2) because she sent her Notice of Claim by first-class mail, rather than certified mail, and sent the notice to the City Attorney's Office, as opposed to the individual city attorney. We agree.

In *Rowland*, 477 Mich at 219, our Supreme Court held that MCL 691.1404 is "straightforward, clear, and unambiguous" and "must be enforced as written." The trial court, however, relied on *Plunkett*, 286 Mich App at 176-178, and held that plaintiff substantially complied with the service requirement.

This Court recently clarified that MCL 691.1404 requires strict compliance with the notice and service requirements and anything less fails as a matter of law. In *Wigfall v City of Detroit*, 322 Mich App 36, 38; 910 NW2d 730 (2017), this Court reversed the trial court's denial of the defendant's motion for summary disposition on governmental immunity grounds. The defendant argued in its motion that the plaintiff failed to strictly comply with the statutory notice requirements because the plaintiff's counsel sent by certified mail the plaintiff's notice to the defendant's law department's claims division, as opposed to the mayor, the city clerk, or the city attorney as required under MCR 2.105(G)(2). *Id*. at 38-39. The plaintiff responded that his counsel's office telephoned the defendant's law department to confirm the proper mailing address for providing notice of a claim. The plaintiff's counsel relied on the city's law department's representative who told counsel the mailing address to which the notice was sent. The plaintiff argued that the law department essentially was the city attorney and explained that the defendant's official website even indicated that notices of claims were to be mailed to the address where plaintiff's counsel mailed his notice. *Id*. at 39.

This Court explained that *Rowland* required strict compliance with MCL 691.1404 and substantial compliance did not suffice to satisfy the statutory requirements. *Id*. at 42. This Court held that "[b]ecause it is undisputed that plaintiff did not serve his notice on any individual who may lawfully be served with civil process directed against defendant as required under MCL 691.1402(2), the plaintiff failed to comply with the statutory notice requirement." *Id*. at 43.

This Court considered the plaintiff's argument that the defendant provided him incorrect information on its website and through its representative on which he relied to submit his notice. This Court explained that, if it applied the equitable estoppel doctrine, the defendant would be charged "with the duty to provide potential litigants with legal advice related to the interpretation of a statute and court rule." *Id*. at 43-44. This Court ruled that the plaintiff lacked entitlement to rely on the "defendant's interpretation or misrepresentation of the legal requirements set forth in

MCL 691.1404 as a justification or excuse for his failure to act in conformity with those requirements." *Id*. at 44.

*Wigfall* is controlling in this case. Therefore, the trial court erred by relying on *Plunkett* because *Wigfall* makes clear that substantial compliance fails to satisfy the statutory notice requirements set forth in MCL 691.1404 even when a city and its city attorney's office misinforms someone who desires to comply with the statute but fails to do so.

Plaintiff, however, argues that the trial court did not err in denying defendant's motion for summary disposition because plaintiff performed adequate personal service. Although plaintiff conceded before the trial court and on appeal that mailing the letter by regular, first-class mail alone was not proper service under a strict interpretation of the statute, plaintiff contends that her actions, as a whole, amounted to adequate personal service. Plaintiff relies on this Court's holding in *Barclay v Crown Bldg and Dev, Inc*, 241 Mich App 639, 646; 617 NW2d 373 (2000), which stated that MCR 2.105, "does not by its terms require that the summons and complaint be delivered in hand." Plaintiff contends that *Barclay* stands for the proposition that "[i]nforming the defendant of the nature of the papers, offering them to the defendant, and leaving them within the defendant's physical control ought to [and does] suffice to constitute delivery." *Id*. at 647 (quotation marks and citation omitted).

We find plaintiff's argument unpersuasive because the record reflects that she did not comply with MCL 691.1404(2). *Wigfall* established unequivocally that strict compliance with the statutory service requirements set forth in MCL 691.1404(2) must be performed without exception. The record reflects that plaintiff failed to properly serve by certified mail the mayor, the city clerk, or the city attorney. Further, although plaintiff brought her Notice of Claim to the City Attorney's Office, she did not personally serve the city attorney or leave the notice in defendant's physical control. Therefore, plaintiff failed to strictly comply with the notice requirements as set forth in MCL 691.1404(2). Accordingly, the trial court erred by denying defendant's motion for summary disposition because plaintiff's claim was barred by governmental immunity. Because our decision is dispositive, we decline review of defendant's additional claims of error.

We reverse and remand for entry of an order granting defendant summary disposition. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello
/s/ James Robert Redford