# STATE OF MICHIGAN

# COURT OF APPEALS

EMMANUEL MCCUNE JR.,

          Plaintiff-Appellant,

and

NORTHLAND RADIOLOGY, INC.,
EXCELLENT PAIN CONSULTANTS, INC., and
EVOKE MEDICAL SERVICES, INC.,

          Intervening Plaintiffs,

v

ALLSTATE INSURANCE COMPANY,

          Defendant-Appellee.

UNPUBLISHED
January 8, 2019

No. 340476
Wayne Circuit Court
LC No. 16-006823-NF

Before: MURRAY, C.J., and SHAPIRO and RIORDAN, JJ.

SHAPIRO, J. (*concurring*).

I concur in the result because the evidence leaves no doubt that plaintiff did not inform defendant of his 2014 auto accident and injuries resulting from it. Given that he was engaged in litigation regarding the 2014 accident at the time he made the instant claim and has not proffered *any* reason for the failure to disclose it, I conclude that a reasonable jury would have to find that plaintiff made an intentional misrepresentation. In other words, there is unrebutted evidence that plaintiff knowingly, i.e., intentionally, failed to provide requested information of his prior accident and the corresponding injuries.

I disagree, however, with several aspects of the majority opinion. The majority largely focuses on differences between plaintiff's deposition testimony and the crash and EMS reports. Specifically, there was a discrepancy between the testimony and the reports as to where the ambulance picked plaintiff up. Yet this is of little, if any, material consequence and there is no evidence that plaintiff's statement was made with intent to defraud rather than due to confusion or lack of memory following a traumatic event. The same can be said about the other inconsistences pertaining to details of the accident. The purpose of the statute excluding coverage when there is fraud is to prevent and punish real fraud, not to create a "gotcha" situation by which an insurer can avoid coverage simply by producing some evidence of a possible misstatement by a claimant who had no fraudulent intent; it certainly was not intended

-1-

to allow insurers to monitor every action and word of an insured and then to proclaim the existence of fraud where any inconsistency is found.

Nor do I find that plaintiff's social media postings demonstrate, at least beyond a question of fact, that he was engaged in any other material misrepresentations. For instance, a video shows plaintiff walking for a very few minutes, which he has never claimed he cannot do. Only plaintiff's face is visible and there is no evidence of his gait or the presence or absence of a cane or brace. And plaintiff testified that he does not always use such devices. For those reasons, the video is not evidence, let alone conclusive evidence, that plaintiff misrepresented his condition.

Defendant also points to plaintiff's statement in a social media posting that he received a raise. However, there is no information about the nature of that work, e.g., whether it was physically demanding, the hours involved, etc. More to the point, plaintiff has not made a wage-loss claim. Plaintiff also posted a photograph of some equipment with a comment that he is at "the gym." This is not conclusive evidence of anything. Plaintiff explained that the location was his physical therapy clinic and, in any event, going to a gym does not demonstrate a lack of injury.

I also disagree with the majority's view that fraudulent intent need not be shown. The requirements to prove fraud are well settled and have been applied in cases of all types for decades. See e.g., *Hi-Way Motor Co v Int'l Harvester Co*, 398 Mich 330, 336; 247 NW2d 813 (1976). I see no basis to conclude that these standards should not be applied in this or any no-fault case. Further, MCL 500.3173a should be read together with MCL 500.4503 given that they relate to the same subject matter, *SBC Health Midwest, Inc v Kentwood*, 500 Mich 65, 539 n 26; 894 NW2d 535 (2017), and that the former expressly refers to the latter, see *McCahan v Brennan*, 492 Mich 730, 741-742; 822 NW2d 747 (2012). Moreover, the terms of MCL 500.3173a require that the claimant knowingly made a false statement material to the claim. I do not see how this is distinct from the scienter requirement that has always been required to show fraud. Under the majority's view, a mere misstatement can result in denial of PIP benefits even if there is no dispute that the individual was injured in a motor-vehicle accident and received reasonably necessary care and treatment. Such a harsh interpretation of the statute clearly runs against the text and purpose of the no-fault act. See *Iqbal v Bristol West Ins Group*, 278 Mich App 31, 37; 748 NW2d 574 (2008) ("The purpose of the Michigan no-fault act is to broadly provide coverage for those injured in motor vehicle accidents without regard to fault.").

As alluded to above, the majority appears to suggest that even if there is a question of material fact, defendant is entitled to summary disposition because it has some evidence to support its position. The majority barely touches upon plaintiff's evidence—which includes his own testimony—and dismisses that evidence based on its view that defendant has stronger evidence. However, weighing the comparative strength of each side's evidence is plainly inconsistent with court rules. It is axiomatic that when deciding a motion for summary disposition, a court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence submitted in the light most favorable to the *nonmoving* party, MCR 2.116(G)(5); *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012), and that

all reasonable inferences are to be drawn in favor of the *nonmovant*, *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010).

I agree with the majority that plaintiff's failure to disclose the 2014 accident and injuries constitutes an intentional misrepresentation. However, I would conclude that the remaining evidence presents a question of fact as to whether plaintiff committed fraud.

/s/ Douglas B. Shapiro