*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TACHELLE LANDIN,

        Plaintiff-Appellant,

v

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

        Defendant-Appellee.

FOR PUBLICATION
November 13, 2024
10:58 AM

No. 367356
Bay Circuit Court
LC No. 2022-003277-CD

Before: PATEL, P.J., and YATES and SHAPIRO,* JJ.

YATES, J. (*concurring in part and dissenting in part*).

I share my colleagues' concerns about the propriety of invoking MCL 600.6431(1) to close the courthouse doors to plaintiff, Tachelle Landin, but that outcome is mandated by this Court's published decision in *Flamont v Dep't of Corrections*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367863), for two reasons. First, *Flamont* makes clear that our Supreme Court's ruling in *Christie v Wayne State Univ*, 511 Mich 39; 993 NW2d 203 (2023), should be given retroactive effect because it did not announce a new rule of law even though *Christie* overruled this Court's decision in *Tyrrell v Univ of Mich*, 335 Mich App 254; 966 NW2d 219 (2020). See *Flamont*, ___ Mich App at ___; slip op at 6. Second, *Flamont* characterizes the notice requirement prescribed by MCL 600.6431(1) as a condition for the waiver of sovereign immunity by the state of Michigan. *Flamont*, ___ Mich App at ___; slip op at 5. Accordingly, I disagree with my colleagues' decision that the trial court's award of summary disposition under MCR 2.116(C)(7) in favor of defendant must be reversed. But I encourage our Supreme Court to rectify the injustice flowing from *Christie* as applied in *Flamont*.

My principal concern is that this Court's decision in *Tyrrell*, issued on December 22, 2020, created reliance by plaintiffs on the pronouncement in *Tyrrell* that the notice requirement set forth in MCL 600.6431(1) "did not implicate governmental immunity" and did not apply to any actions against a state defendant commenced in circuit court, as opposed to the Court of Claims. *Tyrrell*, 335 Mich App at 272. Our Supreme Court's decision in *Christie* was issued on May 2, 2023, more

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

than 28 months after *Tyrrell* was published. *Christie*, 511 Mich at 39. Because the deadline for submitting a "notice of intention to file a claim against this state or any of its departments" under MCL 600.6431(1) is relatively abrupt, i.e., either 1 year or 6 months, depending on the nature of the claim, see MCL 600.6431(1) and (4), many plaintiffs who relied on *Tyrrell* in abstaining from submitting a notice before filing suit in circuit court were subsequently barred from maintaining their actions after the decision in *Christie* was issued by our Supreme Court.

The approach suggested by my colleagues—treating *Christie* as a ruling without retroactive effect—would relieve plaintiffs who filed suit in circuit court without providing notice to the state of the preclusive effect of MCL 600.6431(1), as interpreted in *Christie* and this Court's decision in *Flamont*. That approach respects the reliance interests of plaintiffs who followed this Court's decision in *Tyrrell*. Our Supreme Court has consistently affirmed in its stare decisis analysis the importance of "whether reliance interests would work an undue hardship were the [precedential] decision to be overruled," *Coldwater v Consumers Energy Co*, 500 Mich 158, 173; 895 NW2d 154 (2017), and its decision in *Christie* as interpreted in *Flamont* upset reliance interests flowing from this Court's published decision in *Tyrrell*.

But it seems to me that our Supreme Court's ruling in *Christie* has jurisprudentially boxed in this Court in two ways. First, under settled precedent, *Christie* presumptively should be treated as retroactively applicable. See *Pohutski v City of Allen Park*, 465 Mich 675, 695; 641 NW2d 219 (2002). To be sure, "a more flexible approach [to retroactivity] is warranted where injustice might result from full retroactivity[,]" *id*. at 696, and injustice almost certainly will result if *Christie* must be applied retroactively in all cases. But our Supreme Court has much more leeway to make such a determination than this Court does as a matter of precedent and prudence. Second, our Supreme Court has often characterized the notice requirement in MCL 600.6431(1) as an express condition for the waiver of sovereign immunity, see, e.g., *Christie*, 511 Mich at 58-59; *McCahan v Brennan*, 492 Mich 730, 736-737; 822 NW2d 747 (2012), which suggests that the lower courts do not have any flexibility to lessen the burden imposed by MCL 600.6431(1) lest the state be held responsible in situations where it has not waived sovereign immunity.

This Court's decision in *Flamont* faithfully applied settled principles of Michigan law to support the conclusion that mandates the outcome of this appeal, i.e., "the holding in *Christie* did not constitute a new rule, [so] it has full retroactive effect and therefore applies in the present case." *Flamont*, ___ Mich App at ___; slip op at 6. Thus, we have neither any reason nor any leeway to engage in the three-factor retroactivity analysis prescribed by *League of Women Voters of Mich v Secretary of State*, 508 Mich 520, 565-566; 975 NW2d 840 (2022). Our Supreme Court has ruled consistently that the three-factor analysis should be applied if, but only if, "a decision establishes a 'new principle of law.' " *Id*. at 565; *Pohutski*, 465 Mich at 696. We cannot simply skip over the threshold determination that "*Christie* did not constitute a new rule," *Flamont*, ___ Mich App at ___; slip op at 6, and undertake the three-factor analysis that is inapplicable when a decision does not create a new rule. Accordingly, we must affirm the trial court's award of summary disposition to defendant under MCR 2.116(C)(7).

Beyond that, because MCL 600.6431(1) sets forth a condition for the waiver of sovereign immunity, *id*. at __; slip op at 5, we must exercise caution in construing that statute in any manner that exceeds our Legislature's intent to expose defendant to civil liability. Balanced against that need for caution, however, is the ineluctable conclusion that many plaintiffs relied on *Tyrrell* as

-2-

binding authority that excused them from filing a notice prescribed by MCL 600.6431(1) when asserting claims in circuit court. The plaintiff in *Flamont* did not fall into that category. Here, in contrast, plaintiff very well may have relied on *Tyrrell*, which was issued before plaintiff filed the suit that is now before us. For that reason, my colleagues correctly identify this case as an instance where reliance interests counsel against applying MCL 600.6431(1) to bar plaintiff's claim based on retroactive application of *Christie*. I share their concerns, but I believe the appropriate avenue for addressing those concerns flowing from the retroactive application of *Christie* is review by our Supreme Court.

/s/ Christopher P. Yates